CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RY. CO.

*v.*

THE PEOPLE *ex rel.* Sam Barter, County Treasurer.

*Opinion filed December 22, 1904.*

CONSTITUTIONAL LAW—*section 2 of act requiring land owners to clean streams is unconstitutional.* Section 2 of the act for the protection and maintenance of ditches and streams, (Laws of 1897, p. 206,) which authorizes the tax assessor and county clerk to assess a penalty against land owners failing to clean streams as required by section 1 of the act, is unconstitutional, as delegating judicial power to tax assessors and county clerks.

APPEAL from the County Court of Saline county; the Hon. JOHN L. THOMPSON, Judge, presiding.

This is an appeal from the judgment of the county court of Saline county, rendered against the lands of appellant, and ordering the same sold for the payment of a drainage tax or penalty of $10 assessed against the land under the provisions of sections 200 and 201 of chapter 42 of Hurd's Statutes of 1897.

The facts are as follows: The north fork of the Saline river crosses the right of way of appellant's railroad, and about 1894 the company, for the purpose of making a pool from which to obtain a water supply for its locomotives, placed about one hundred feet below its right of way loose, flat stones across about fifty feet of the stream. These stones were from eighteen to twenty-four inches high. This dam was not within any drainage district. Upon the assessor's book for the town of Rector for the year 1903 he marked opposite the tract in question the words, "Drift," "the Big Four dam," and from this notation the county clerk extended against appellant's land a drainage tax or penalty of $10, besides the other legal taxes. All taxes against the land except this drainage tax were paid by appellant, and it filed its objections to the $10 assessment, which were overruled by the court and a judgment entered accordingly.

C. S. CONGER, for appellant.

H. J. HAMLIN, Attorney General, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Section 200 of the Drainage act provides that "all persons owning land in this State shall clean annually any and all brush, trees, logs and other impediments to the flow of water in the bed of any stream, however small, and extending from the top of one bank to the top of the opposite bank of any such stream, as far as any such stream shall run or border the land of any owner, and when any stream shall run between the lands of two or more owners, each party shall clean his part of such stream: *Provided,* that streams or runs less than fifteen feet wide, and the rivers of this State, shall not be included herein, and this act shall not interfere with fencing, flood-gates, bridges, culverts, etc." Section 201 provides that "in case of failure to comply with the above section of this act, the tax assessor shall, when he assesses the lands of any such owner, inquire whether or not section 1 of this act has been complied with by any such land owner, and if such land owner has failed to have complied with the requirements of this act by the first day of May of each year, the assessor shall note the fact on the assessment book opposite the land of such owner, and the county clerk is hereby required to extend $10 drainage tax against each forty-acre tract or fraction thereof, as a penalty for such failure, and $5 on each such tract shall be added each successive year, and extended by such clerk on the tax books until this act shall be complied with by each land owner or owners. Said money to be collected as other taxes, and paid into the school fund of the town wherein the land is, and used in the school district where the land is situated."

Appellant insists that the statute is unconstitutional for three reasons: First, because the subject matter of the act is not expressed in the title; second, because the tax is not

levied in proportion to value, and is not a tax on any occupation, calling, privilege or franchise; and third, because the tax is nothing more or less than a penalty or fine, and can only be inflicted by the judicial power of the State after trial according to law. We deem it necessary to consider the last point only.

Under article 3 of the constitution the powers of the government of the State are divided into three distinct departments,—the legislative, the executive and the judicial. Each of these departments has a well defined and well recognized function and power. The legislative department makes the laws, the executive department enforces them and the judicial department interprets or construes them. The same section of the constitution which distributes the powers of government into these three classes also provides that no person or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as afterwards expressly directed and permitted. Assessors of taxes and county clerks are ministerial officers, and while in some respects their acts may be construed as judicial, yet they are not judicial officers as that term is used in the constitution. They have no power to inflict penalties for violation of laws, or to determine when a law has been violated and adjudge persons guilty. The statute in question imposed a duty upon persons owning land on the borders of certain streams. If the owner does not comply with the statute he is to be punished. This punishment is not a tax imposed upon his land, but is a penalty for the violation of law. This is apparent from the wording of the statute, which expressly stated that a penalty shall be inflicted and that the amount assessed is to go into the school fund of the district. Before the property owner can be found guilty there are several things to be determined, namely, that the offense has been committed, that the offender is the owner of the land, that the stream or run is more than fifteen feet wide and is not a river of the State; and the provi-

sions of the act do not interfere with fencing, flood-gates, bridges, culverts, etc. All of these questions must be determined before the penalty can be inflicted. They are clearly questions for determination by the judicial power of the State. To hold otherwise would be to permit the assessor to levy a penalty and deprive the offender of his property without due process of law, as provided in section 2 of article 2 of the constitution. It is no answer to say that the property owner can object to the tax in the county court and there have these questions judicially determined, for the reason that if the assessor has the power to impose the penalty and the county clerk has the power to extend the taxes, there is nothing left for the county court but to overrule the objection, as the question of violation has been previously determined by these officers.

This statute is clearly in violation both of section 2 of article 2 and of article 3 of the constitution. The so-called delinquent tax was absolutely void, and the court below erred in overruling the objections. Its judgment will be reversed and the cause remanded, with directions to sustain the objections.

*Reversed and remanded, with directions.*