PETZAK, Plaintiff, v. GRAVES, Defendant and Appellant: AMERICAN SURETY COMPANY OF NEW YORK, Defendant and Respondent.

*November 28, 1966—January 3, 1967.*

176

For the appellant there was a brief by *Shields & Lang* of Hales Corners, and oral argument by *Willis E. Lang*.

For the respondent there was a brief and oral argument by *Gerald P. Hayes* of Milwaukee.

HANLEY, J. The following two issues are presented on this appeal:

1. Is the official assessor of an incorporated village an "executive officer" within the meaning of two policies of liability insurance issued to the village which includes in the definition of insured "an executive officer of the named insured?"

2. Is the automobile owned by Graves "any automobile described" in these policies so as to render applicable sec. 204.30, Stats.?

Defendant Graves' first contention is that coverage is extended to him because as a village tax assessor he is an "executive officer" of the village, and the two policies issued to the village extended coverage to any "executive officer." The first question for determination is whether or not defendant Graves as the village tax assessor is an "executive officer."

Black's Law Dictionary (4th ed. 1951), defines:

"Executive Officer. An officer of the executive department of government; one in whom resides the power to execute the laws; one whose duties are to cause the laws to be executed and obeyed."

Black's Law Dictionary further defines "ministerial officer" as one whose duties are purely administrative and not involving discretion.

In 67 C. J. S., Officers, pp. 105, 106, sec. 3, it is stated:

"With respect to the nature of the duties pertaining thereto, public offices and officers are sometimes classified as either executive, legislative, judicial, or ministerial. . . .

"*Executive.* An executive officer is one in whom resides the power to execute the laws; one whose duties are mainly to cause the laws to be executed and obeyed. . . .
" . . .

"*Ministerial.* A ministerial office is an office which gives the officer no power to judge of the matter to be done, and requires him to obey the mandates of a superior; . . ."

The village assessor has only ministerial duties, and he is not called upon to make policy decisions.

Sec. 61.27, Stats., in effect requires the assessor to make an assessment of all the property in his village liable to taxation in the manner prescribed by law and to return his assessment roll to the village clerk at the time and in the same manner in which town assessors are required to do.

Assessors of taxes are held to be ministerial officers. *Cleveland C. C. & St. L. R. Co. v. People* (1904), 212 Ill. 638, 72 N. E. 725, 726; *Plumer v. Board of Supervisors of Marathon County* (1879), 46 Wis. 163, 178, 50 N. W. 416.

We conclude there is nothing in the duties of a village assessor or inherent in the office itself which compels the defining of an official assessor as an executive officer. We further conclude that defendant Graves was a ministerial officer and not an executive officer of the village of Hales Corners; and, consequently, he was not covered by the two policies of insurance issued by the

American Surety Company to the village of Hales Corners.

The next contention is that, in any event, if Graves is not an executive officer, he is covered by virtue of sec. 204.30, Stats., the Wisconsin omnibus statute. The question for determination on the above contention is whether or not Graves' automobile is covered by the insurance policy issued to the village of Hales Corners. If it is not covered by the policy, there is no reason to determine whether or not an additional insured is being covered to a lesser extent than the named insured.

Excluding Graves under the terms of the automobile liability policy does not violate the legislative intent of sec. 204.30 (3), Stats., because the Graves' automobile is not an automobile described in the policy. Before there is coverage as an additional insured, it must be determined that the automobile is one described by the policy. Graves' automobile was not owned by the insured village, maintained by it, nor was the use of it extended to the village.

Counsel for Graves cites the case of *Severin v. Luchinske* (1955), 271 Wis. 378, 73 N. W. (2d) 477, as having facts identical to the case at bar. This is not a correct analysis. In the *Severin Case, supra,* the vehicle involved was owned by the city of Wisconsin Rapids and insured by it in Milwaukee Automobile Insurance Company, Ltd. In the case at bar the automobile was owned by Graves and was not insured by American Surety Company. The *Severin Case, supra,* held that the omnibus statute operated to extend policy coverage to the defendant driver who was an employee of the named insured city. In the case at bar Graves was an employee of the village of Hales Corners, but the automobile he was driving was his own and was not insured by the village of Hales Corners. Therefore, the omnibus clause is not involved in this case under either the comprehensive automobile

liability policy or the comprehensive general liability policy.

Under the comprehensive liability policy and under the definition of "insured" the only persons insured were "the named insured and any executive officer, director or stockholder thereof." Graves was none of these.

We conclude that the defendant Graves was not covered as an additional insured under either of the insurance policies in question and that sec. 204.30 (3), Stats., is not applicable under either policy of insurance.

*By the Court.*—Judgment affirmed.