SCHNEIDER, Administratrix, Appellant, vs. DEPIES, Defendant: FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

*January 7—February 2, 1954.*

44

For the appellant there was a brief by *Arnold W. Mulhern* of New Holstein, and *Harry P. Hoeffel* of Appleton, and oral argument by *Mr. Mulhern*.

For the respondent there was a brief by *Bassuener, Humke, Poole & Axel* of Sheboygan, and oral argument by *John M. Poole*.

STEINLE, J.   The inquiry here is whether exclusion clause (c) (3) appearing in the liability insurance policy issued by Farmers Mutual Automobile Insurance Company in the name of Edgar Depies and which policy was in force at the time of the death of Frankie B. Schneider, effectively excluded Walter Depies from coverage in the situation indicated by the facts herein.

The appellant contends that exclusion clause (c) (3) of the policy violates provisions of sec. 204.30 (3), Stats., specifically as to sub. (3) of said exclusion provision which in part reads as follows:

"No such policy [of insurance against loss or damage resulting from injury to a person, and for which the insured is liable] shall be issued in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used

for purposes and in the manner described in said policy. Such indemnity shall also extend to any person, firm, or corporation legally responsible for the operation of such automobile. The insurance hereby afforded shall not apply unless the riding, use, or operation above referred to be with the permission of the assured named in this policy, . . ."

It appears that the deceased, Frankie B. Schneider, and the driver, Walter Depies, were both employees of Edgar Depies, the named assured. At the time when the unfortunate fatal injuries were sustained by the decedent, both were engaged in the course of their common employment and for the common employer in an accident that arose out of the maintenance or use of a truck in the business of such employer. The operation of the truck was with the permission of the assured and the particular truck was the vehicle covered by the policy.

Under the statute and the policy, coverage was extended to one situated as was Walter Depies and such additional assured (Walter Depies) was afforded the same protection that was granted to the assured Edgar Depies under the terms of the policy.

Appellant contends that under the decisions of this court the purchaser of this particular policy, who is named as the assured, would not be excluded from coverage had he been driving the truck at the time of the injury to Schneider. Clearly, he would have been excluded in such circumstances under provisions of (b) (2) of the policy.

Exclusion clauses substantially the same as (b) (2) of this policy have heretofore been construed by this court in situations comparable to the facts herein. *Buck v. Home Mut. Casualty Co.* (1951), 258 Wis. 538, 46 N. W. (2d) 749; *McMann v. Faulstich* (1951), 259 Wis. 7, 47 N. W. (2d) 317; *Zippel v. Country Gardens, Inc.* (1952), 262 Wis. 567, 55 N. W. (2d) 903. In these cases it was held that an additional assured was not excluded from coverage primarily because the injured person was not an employee of the addi-

tional assured. Had respondent relied only on exclusion clause (b) (2) of the policy in the case at bar then it is apparent that under the decisions of this court the additional assured, Walter Depies, would not be excluded from coverage for the reason that Frankie B. Schneider was not his employee.

However, the insurer in the instant case relies on clause (c) (3) for the exclusion of the additional assured.

An insurer may not restrict coverage to the driver with permission to less than that afforded the named assured, except as permitted by sec. 204.30 (3), Stats., *Schenke v. State Farm Mut. Automobile Ins. Co.* (1944), 246 Wis. 301, 16 N. W. (2d) 817. May a claimant for personal-injury damage reasonably expect more responsibility from an insurer under the policy for the negligence of an additional assured than for that which the insurer would be liable if the negligence had been that of the named insured?

In *Ainsworth v. Berg* (1948), 253 Wis. 438, 34 N. W. (2d) 790, 35 N. W. (2d) 911, it was pointed out that the legislature had not seen fit by its omnibus coverage law to give greater coverage than the policy extends to the named insured.

Considering the record herein we are obliged to concur in the view expressed by the learned trial judge in his decision that:

"Nothing is contained in this statutory provision that the additional insured shall have greater protection than the named assured, and yet if the plaintiff's contentions in the instant case are sound the result would be that the additional insured receives greater liability protection than the named assured."

It is the right of the insurer to limit its liability by the terms of the contract, unless the restriction be prohibited by statutes or consideration of public policy. *Olander v. Klapprote* (1953), 263 Wis. 463, 57 N. W. (2d) 734. Here ex-

clusion clause (c) (3) is plain and unambiguous and is not repugnant to the statute. It is not violative of public policy. It does not afford less coverage or protection to the general public in the use of an automobile by persons with permission of the assured than is afforded to the public by the carrier for the negligence of the assured. It is limited to those instances where an employee is injured by a coemployee of the same employer in the course of employment in an accident arising out of the maintenance or use of the insured automobile in the business of the employer.

For the reason that the policy here does not afford coverage to Edgar Depies, the assured, under the circumstances of this case, we are obliged to find no coverage attaches to Walter Depies as the additional assured under the policy or the existing law as to the claim of the appellant herein.

*By the Court.*—Judgment affirmed.