SHANAHAN, Plaintiff and Respondent, vs. MIDLAND COACH LINES and another, Defendants and Respondents: LONDON GUARANTEE & ACCIDENT COMPANY, LTD., Interpleaded Defendant and Appellant.

*November 9—December 7, 1954.*

234

For the appellant there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *R. J. Sutherland*.

For the plaintiff-respondent there was a brief by *Padway, Goldberg & Previant* of Milwaukee.

For the defendants-respondents there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *John M. Redford* of Milwaukee, and by *W. L. Jackman* of Madison.

MARTIN, J.   Sec. 204.30 (3), Stats., provides:

"No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile

is being used for purposes and in the manner described in said policy. Such indemnity shall also extend to any person, firm, or corporation legally responsible for the operation of such automobile. The insurance hereby afforded shall not apply unless the riding, use, or operation above referred to be with the permission of the assured named in this policy, or if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or domestic servant; provided, however, that no insurance afforded by this paragraph shall apply to a public automobile garage or an automobile repair shop, sales agency, service station, and/or the agents or employees thereof. In the event an automobile covered by this policy is sold or transferred the purchaser or transferee shall not be an additional insured without consent of the company, indorsed hereon."

The policy issued by London Guarantee to Omar, Incorporated, contains the following provision:

"III. Definition of Insured.

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or organization other than the named insured does not apply: . . .

"(b) to any employee with respect to injury to or sickness, disease, or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

Appellant brought the motion for summary judgment following the decision of this court in *Schneider v. Depies* (1954), 266 Wis. 43, 62 N. W. (2d) 431, where it was held that an exclusion clause phrased in language identical to that

used in sub. (b) quoted above was not·repugnant to the omnibus coverage statute, sec. 204.30 (3), Stats.

As pointed out by the respondents, the clause in the Depies policy was placed under exclusions and followed the language, "This policy does not apply: . . ." whereas the clause in the instant policy is under the definition of insured (which con-tains the omnibus coverage provisions required by statute) and follows the language, "The insurance with respect to any person or organization *other than the named insured* does not apply: . . ."

Appellant argues with some force that the basic test of the validity of a clause under the statute is whether, construed together with the other provisions in the policy, the additional insured is afforded no less coverage than the named insured; that this is the criterion whether such clause is under general exclusions or the omnibus coverage provisions.

In *Narloch v. Church* (1940), 234 Wis. 155, 290 N..W. 595, and *Schenke v. State Farm Mut. Automobile Ins. Co.* (1944), 246 Wis. 301, 16 N. W. (2d) 817, it was unqualifiedly held that any· intended limitation of the omnibus coverage provision required by sec. 204.30 (3), Stats., other than the exceptions expressly authorized by the statute, is void.

The provision excluding coverage to·an additional insured in the case of injury to the named insured which was held invalid in the *Schenke Case* was placed under general ex-clusions in the policy considered·in *Frye v. Theige* (1948), 253 Wis. 596, 600, 34 N. W. (2d) 793, and it was argued that it was likewise invalid even though not located in the omnibus coverage clause. But this court held the exclusion valid, and said:

"It is urged with considerable force that it ought not to make a difference where the exclusion is placed in the policy because that is a mere mechanical detail. The point is well taken to this extent; if what is stated in the policy to be a

general exclusion of coverage in fact denies to an additional assured the same protection that is given to the named assured neither its form nor its location in the policy will save it or give it validity. On the other hand, we have held in the *Narloch* and *Schenke Cases* that there can be no modification whatever attached to the omnibus coverage clause. An exclusion purporting to be a part of this clause is assumed from its location to be discriminatory and in any case is held to be *void as an intent to add to statutory exceptions."*

Clause III (b) is void because it provides for an exception applicable solely to an additional insured. Such clause being out of the policy, comparison of the coverage to the additional insured under its terms with that afforded the named insured elsewhere in the policy is not reached.

Under Exclusions the policy provides:

"This policy does not apply: . . .
"(d) under coverages A and C, to bodily injury to or sickness, disease, or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law. . . ."

While this clause excludes coverage to the named insured, it cannot be relied upon to exclude additional insureds because the additional insureds in this case were not employers of the plaintiff. Cf. *Schneider v. Depies, supra.* The only clause in the policy upon which appellant could rely to exclude the additional insureds is void.

Under the valid portions of the omnibus coverage clause the unqualified word "insured" includes additional insureds and coverage is therefore afforded to additional insureds under the following agreement:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any

time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance, or use of the automobile."

We are not unaware that the result reached is that the additional insureds are covered by the policy while, under the circumstances of this case, the named insured is not. It was pointed out in the *Depies Case* and in *Ainsworth v. Berg* (1948), 253 Wis. 438, 34 N. W. (2d) 790, 35 N. W. (2d) 911, that sec. 204.30 (3), Stats., is not meant to give additional insureds greater coverage than that given the named insured. But if a policy does in fact grant to additional insureds more protection than is afforded to the named insured, that is a matter of contract and is not inconsistent with the provisions of the statute.

*By the Court.*—Order affirmed.