SEVERIN, Plaintiff and Respondent, vs. LUCHINSKE, Defendant and Respondent: MILWAUKEE AUTOMOBILE INSURANCE COMPANY, LTD., Defendant and Appellant.*

*November 9—December 6, 1955.*

* Motion for rehearing denied, with $25 costs, on February 7, 1956.

.. 

For the appellant there were briefs by *McCue & Regan* of Milwaukee, and *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, attorneys, and *D. J. Regan* of Milwaukee of counsel, and oral argument by *James R. Faulds* and *D. J. Regan.*

For the respondent Oscar Severin there was a brief by *Fisher, Peickert, Anderson & Fisher,* attorneys, and *John E. Shannon, Jr.,* of counsel, all of Stevens Point, and oral argument by *Hiram D. Anderson, Jr.*

For the respondent Benjamin Luchinske there was a brief and oral argument by *Morgan L. Midthun* of Wisconsin Rapids.

GEHL, J. The policy provides, among other things, that:

"The company agrees with the insured, named in the declarations made a part hereof, in consideration of the pay-

ment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

"Insuring Agreements

"I. Coverage A—Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident."

Sec. 204.30 (3), Stats., provides:

"No such policy [of insurance against loss or damage resulting from injury to a person, and for which the insured is liable] shall be issued . . . in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. Such indemnity shall also extend to any person, firm, or corporation legally responsible for the operation of such automobile. The insurance hereby afforded shall not apply unless the riding, use, or operation above referred to be with the permission of the assured named in this policy, . . ."

The provisions of the statute would afford to the defendant Luchinske the protection of the policy for which plaintiff contends, unless other policy provisions operate to make the statutory provisions ineffective or inapplicable.

Under the heading, Exclusions, appear the following provisions:

"This policy does not apply: . . .
"(c) Under coverage A, . . . to bodily injury to . . . , any employee of the insured while engaged in the employment of the insured, . . .; or to any obligation for which

the insured or any company as his insurer may be held liable under any workmen's compensation law;"

Defendant Milwaukee Automobile Insurance Company contends that these provisions are effective to preclude recovery.

*Zippel v. Country Gardens, Inc.* (1952), 262 Wis. 567, 55 N. W. (2d) 903, was an action in every material factual respect identical with the instant case. Plaintiff and defendant Derocher were coemployees of Country Gardens, Inc. A truck owned by the employer, insured by Fireman's Fund Indemnity Company, occupied by the plaintiff and being operated by Derocher, was involved in a collision resulting in injuries to plaintiff. At the time of the accident plaintiff and Derocher were performing work in the course of their employment. Derocher, the common employer, and Fireman's Fund Indemnity Company were joined as defendants. The policy involved, which had been issued by Fireman's Fund Indemnity Company to the employer, contained an exclusion clause identical in its terms with that presently before the court. We held in accord with the decision in *Sandstrom v. Estate of Clausen* (1951), 258 Wis. 534, 46 N. W. (2d) 831, that the clause is repugnant to the provisions of sec. 204.30 (3), Stats., and that the insurer was subject to liability for the injuries sustained by plaintiff. See also the court's reference to the exclusion provision in *Schneider v. Depies* (1954), 266 Wis. 43, 62 N. W. (2d) 431, and *Shanahan v. Midland Coach Lines* (1954), 268 Wis. 233, 67 N. W. (2d) 297. We perceive no reason for receding from the rule of the *Zippel Case.*

As appears from our statement of the facts, this is what is known as a third-party action, brought in accordance with sec. 102.29, Stats., which provides in substance that an injured employee who has made claim against his employer for compensation insurance, may bring an action in tort against any other person, denominated in the statute as a

"third party." For such injury it also grants to the employer or compensation carrier who shall have paid, or is obligated to pay a claim under the compensation act, the right to maintain an action in tort against the third party, and provides for the distribution between the injured employee and the employer or compensation carrier of the proceeds of the claim.

The defendant Milwaukee Automobile Insurance Company contends that the clause in the policy purporting to deny coverage to "any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law," is an effective bar to this action, in which, in accordance with the provisions of the statute, it is sought by an employee of the named insured to recover in his own behalf, and as assignee of the cause of action of the compensation carrier. The clause is not applicable. Plaintiff is not seeking to recover from Luchinske, the additional assured of Milwaukee Automobile Insurance Company, or the Insurance Company, on any obligation for which either may be held liable under the provisions of the Workmen's Compensation Law. Their liability does not arise from the relationship of master and servant. It rests upon the common-law liability of Luchinske to compensate for his tortious act and exists independently of the Workmen's Compensation Law.

The fact that sec. 102.29, Stats., appears in the chapter entitled "Workmen's Compensation" does not change the character of the action brought against a third party, which as we have said, is one at law founded in tort. There is nothing in the Workmen's Compensation Law which discloses a legislative purpose of creating a new remedy for an injury to an employee caused by the negligent act of a third party. That remedy existed at common law and was neither enlarged nor impaired by enactment of sec. 102.29. *Smale v. Wrought Washer Mfg. Co.* (1915), 160 Wis. 331, 151

N. W. 803; *Employers Mut. Liability Ins. Co. v. De Bruin* (1955), post, p. 412, 73 N. W. (2d) 479.

We are. requested that in the event we affirm the order, we determine the extent of the liability of the defendant Insurance Company to the plaintiff on the claim assigned by the compensation carrier. We consider that unnecessary. The liability is fixed by the terms of the policy, the applicable statutes, and the assignment of its claim by the compensation carrier to the plaintiff.

*By the Court.*—Order affirmed.