MATTESON and another, Appellants, vs. JOHNSON and another, Respondents.*

*April 10—May 7, 1957.*

* Motion for rehearing denied, with $25 costs, on June 26, 1957.

For the appellants there were briefs by *Frank L. Morrow* of Eau Claire for the Aetna Casualty & Surety Company,

and by *Doar & Knowles* of New Richmond for Vera Matteson, and oral argument by *Mr. Morrow* and *Mr. Warren P. Knowles III*.

For the respondents there was a brief by *William A. Cameron* and *Howard W. Cameron* of Rice Lake, and oral argument by *William A. Cameron*.

MARTIN, C. J.    Coverage A under Insuring Agreement I of the policy in question reads:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance, or use of the automobile."

The definition of "insured" under Insuring Agreement III provides:

"With respect to the insurance for bodily injury liability and for property-damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or spouse or with their permission. . . ."

Under Exclusions it is provided:

"This policy does not apply: . . .

"(e) under coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law, or to bodily injury to or death of any person who is a named insured;

"(f) under coverage A, to liability to any employee with respect to injury to or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer; . . ."

Appellants contend that exclusion clause (f) is void as not permitted by sec. 204.30 (3), Stats., and is therefore repugnant to it.

In holding the clause valid, the trial court relied almost entirely upon *Schneider v. Depies* (1954), 266 Wis. 43, 62 N. W. (2d) 431. A careful comparison of the exclusion clause in that case and the one in the instant case discloses that they differ in a very material way. In the *Depies Case* the exclusion applied *to any employee* with respect to injury to another employee; in this case the exclusion applies *to liability to any employee* with respect to injury to another employee. If exclusion clause (f) read, "to liability *of* any employee, etc.," the clause would be substantially the same as that held valid in the *Depies Case* and would exclude from coverage the liability of the driver with permission, Johnson, with respect to the injury to his coemployee Matteson. As the language stands, however, it has no application to the situation here because liability to the plaintiff Matteson is with respect to Matteson's injury, not with respect to the injury of another employee.

Although the rule is that courts should construe all provisions of a contract, if possible, to give effect to all, there is another rule that doubtful provisions should be construed against the party preparing the contract, and this should be particularly true of exclusions in an insurance policy.

We must hold that the language of exclusion clause (f) does not exclude liability to Vera Matteson with respect to her own injury nor does it exclude any liability of Richard Johnson with respect to Matteson's injury. The result is that the driver with permission is covered by the policy while under exclusion clause (e) the named insured is not; but, as stated in *Shanahan v. Midland Coach Lines* (1954), 268 Wis. 233, 67 N. W. (2d) 297, where a similar result was reached, sec. 204.30 (3), Stats., is not violated if a policy

gives to an additional insured more protection than it affords the named insured.

While it has no bearing on the decision on the merits, it is to be noted that the same attorneys appear for Richard Johnson and General Casualty Company and that a very substantial conflict of interest exists as between these two parties on this appeal. True, Johnson's interests coincided with those of the plaintiffs in this situation, but Johnson had no control or authority over plaintiffs' attorneys and they owed no duty to him. To condone such a practice is dangerous, and the trial court should not have permitted it. The point upon which this case is decided was not raised by counsel on either side. If it had been noted by respondents' attorneys, what would their duties have been? To whom were their loyalties owed? It might well be that had Johnson been represented by counsel solely concerned with his interests, the difference between the exclusion clause in the *Depies Case* and that in the instant case would have been called to the attention of the court.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.