HAIN, by Guardian *ad litem,* and another, Appellants, v. BIRON and another, Respondents.*

*January 6—February 2, 1965.*

* Motion for rehearing denied, with costs, on March 30, 1965.

378

For the appellants there was a brief by *Eisenberg & Kletzke,* attorneys, and *Edwin A. Star* and *John G. Mueller* of counsel, all of Milwaukee, and oral argument by *Mr. Star.*

For the respondents there was a brief by *Stanley F. Schellinger,* attorney, and *James G. Doyle* of counsel, both of Milwaukee, and oral argument by *Mr. Schellinger.*

HEFFERNAN, J.    The single issue to be determined on this appeal is: Does the safety responsibility statute impose liability on an insurance company which fails to file a correction in an SR–21 within the prescribed statutory period where

the insurance company had no liability policy covering the defendant, Biron, in effect at the time of the accident?

The accident happened on April 13, 1963. The affidavits established that St. Paul issued an automobile liability policy to Biron expiring on February 22, 1962; that the policy was not renewed; that St. Paul issued another policy to Biron, the effective date of which was June 1, 1963, and the expiration date was June 1, 1964; that on or about July 29, 1963, Biron filed an SR–21 with the motor vehicle department in which he stated St. Paul had an outstanding policy covering his liability and indicating no beginning date for the policy period but showing the expiration date as June 1, 1964; that notice of this SR–21 was sent to St. Paul; that on September 3, 1963 (which St. Paul admits was more than thirty days after receiving notice of the SR–21), St. Paul returned the SR–21 on which it denied that any automobile liability policy covering Biron was in effect on the date of the accident.

The appeal centers about two sections of the Wisconsin Safety Responsibility Law. Sec. 344.15 (4), Stats., provides that the commissioner shall forward to the insurance company the SR–21 form that has been filed and that:

"The commissioner shall assume that an automobile liability policy or bond as described in this section was in effect and applied to both the owner and operator with respect to the accident unless the insurance company or surety company notifies the commissioner otherwise within 30 days from the mailing to the company of that portion of the report pertaining to the automobile liability policy or bond."

Appellants claim that under this subsection the failure of the insurance company to file amounts to an admission of liability.

But this portion of the statute relates to the ministerial function of the commissioner. The commissioner then can

request a bond or forfeiture of the license of the person involved. The next subsection, 344.15 (5), clearly limits any additional liability on the insurance company imposed by its failure to file. It states:

"Nothing in this chapter shall be construed to impose any obligation not otherwise assumed by the insurance company or surety company in its automobile liability policy or bond except that if no correction is made in the report within 30 days after it is mailed to the insurance company or surety company, the company, except in case of fraud, whenever such fraud may occur, is estopped from using as a defense to its liability the insured's failure to give permission to the operator or a violation of the purposes of use specified in the automobile liability policy or bond or the use of the vehicle beyond agreed geographical limits."

Under this statute, the insurance company need not file when it admits coverage. Prior to the changes brought in 1957, the insurance companies had to file an SR–21 in all cases.[1] The cases that construed the prior statute in situations where the insurance company had filed an SR–21 admitting coverage held that this filing amounted to a waiver of defenses similar to an admission against interest.[2]

In adopting the above-quoted provisions of sec. 344.15 (5) the legislature was obviously attempting to limit the circumstances under which an insurance company is estopped from

---

[1] See sec. 85.09, Stats. 1955.

[2] See *Laughnan v. Griffiths* (1955), 271 Wis. 247, 73 N. W. (2d) 587; *Prisuda v. General Casualty Co.* (1956), 272 Wis. 41, 74 N. W. (2d) 777; *Perlick v. Country Mut. Casualty Co.* (1957), 274 Wis. 558, 80 N. W. (2d) 921; *Pulvermacher v. Sharp* (1957), 275 Wis. 371, 82 N. W. (2d) 163; *Behringer v. State Farm Mut. Automobile Ins. Co.* (1957), 275 Wis. 586, 82 N. W. (2d) 915; and *Henthorn v. M. G. C. Corp.* (1957), 1 Wis. (2d) 180, 83 N. W (2d) 759.

claiming no coverage by reason of any failure on its part to timely notify the motor vehicle department of corrections in the report (the SR–21).

The trial court was correct in determining that no liability was imposed on St. Paul by its failure to file timely its correction in the Biron SR–21.

This determination is consistent with *Mueller v. American Indemnity Co.*[3] the only case in which we have been called upon to construe the 1957 legislative changes embodied in the quoted provisions of subsections 344.15 (4) and (5). In *Mueller* we held that an insurance company which had attempted to cancel an automobile liability policy, as against a claim by its insured, was not estopped by reason of its failure to file the corrected SR–21 from asserting no coverage, notwithstanding the provisions of subsections 344.15 (4) and (5).

*By the Court.*—Judgment affirmed.

---

[3] (1963), 19 Wis. (2d) 349, 120 N. W. (2d) 89.