PYYKOLA, Appellant, v. WOODY, Defendant: EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Respondent.

*No. 219. Argued September 13, 1971.—Decided October 8, 1971.*
(Also reported in 190 N. W. 2d 534.)

For the appellant there was a brief by *Davis, Witkin, Fredrickson, Foley & Weiby* of Superior, and oral argument by *John L. Davis.*

For the respondent there was a brief by *Genrich, Terwilliger, Wakeen, Piehler & Conway* of Wausau, and oral argument by *Herbert Terwilliger.*

BEILFUSS, J.   There is one issue presented:

Is the insurance clause relied upon by the defendant insurance company which purports to exclude from coverage a fellow employee of plaintiff-appellant repugnant to sec. 204.30 (3), Stats.?

The relevant exclusionary clause in the insurance policy is:

"II. **Persons Insured**

". . .

"None of the following is an insured:

"(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment."

The plaintiff-appellant urges that this clause is repugnant to sec. 204.30 (3), Stats. 1967, which states in part:

"No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in the policy. Such indemnity shall also extend to any person legally responsible for the operation of such automobile. . . ."

The appellant and the respondent insurance carrier are both agreed that if the exculpatory clause is not repugnant to sec. 204.30 (3), Stats., the insurance company is not liable to appellant.

This court in *Schneider v. Depies* (1954), 266 Wis. 43, 62 N. W. 2d 431, ruled on a similar question. In *Schneider*, at pages 45, 46, the exclusionary clause in issue stated:

" 'This policy does not apply:

" '. . .

" '(c) . . . (3) to any employee with respect to injury to or sickness, disease, or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.' "

A comparison of the two exclusionary clauses demonstrates that under both clauses an employee who injures a fellow employee in the course of their employer's business by means of an automobile is not an additional insured under the terms of the insurance policy; nor is the named insured.[1]

This court held in *Schneider, supra,* that the exculpatory clause was not repugnant to sec. 204.30 (3), Stats., specifically on the ground that since the insured and additional insured were treated equally under the policy there was no violation of the omnibus clause.

This court pointed out that the legislature did not intend to give the additional insured greater coverage than the policy extended to the insured. *Schneider, supra.*

The holding in *Schneider* was specifically reaffirmed by this court in *Lukaszewicz v. Concrete Research, Inc.* (1969), 43 Wis. 2d 335, 341, 168 N. W. 2d 581. It is true, as appellant urges, that *Lukaszewicz* involved an unloading and loading case, but the issue was whether the policy which covered the insured but not the additional insured was contrary to sec. 204.30 (3), Stats. This court held that the exclusion clause was invalid because of this unequal treatment of insured and additional insured.

The concept of equal treatment of insured and additional insured is well summarized in *Schneider, supra,* page 48:

" 'Nothing is contained in this statutory provision that the additional insured shall have greater protection than the named assured, and yet if the plaintiff's contentions in the instant case are sound the result would be that the additional insured receives greater liability protection than the named assured.' "

---

[1] The policy provides under "Exclusions. This insurance does not apply: . . . (g) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law."

In this case the exclusionary clause is valid under the statute since it treats both insured and additional insured equally. Further, as stated in *Schneider*, at pages 48, 49:

"It is the right of the insurer to limit its liability by the terms of the contract, unless the restriction be prohibited by statutes or consideration of public policy. *Olander v. Klapprote* (1953), 263 Wis. 463, 57 N. W. 2d 734. Here exclusion clause (c) (3) is plain and unambiguous and is not repugnant to the statute. It is not violative of public policy. It does not afford less coverage or protection to the general public in the use of an automobile by persons with permission of the assured than is afforded to the public by the carrier for the negligence of the assured. It is limited to those instances where an employee is injured by a coemployee of the same employer in the course of employment in an accident arising out of the maintenance or use of the insured automobile in the business of the employer."

We have reviewed the cases that appellant contends have changed or modified the rule stated in *Schneider*. We believe those cases are inapposite. Some are not fellow-employee cases. *Matteson v. Johnson* (1957), 275 Wis. 615, 82 N. W. 2d 881 (the language of the exclusionary clause was worded to cover a three-employee situation; also in *Matteson* this court specifically reaffirmed *Schneider*); *Zippel v. Country Gardens, Inc.* (1952), 262 Wis. 567, 55 N. W. 2d 903; *Severin v. Luchinske* (1955), 271 Wis. 378, 73 N. W. 2d 477.

Other cases cited by the appellant involved situations where the additional insured was excluded for coverage while insured was not excluded. *Lubow v. Morrissey* (1961), 13 Wis. 2d 114, 108 N. W. 2d 156; *Narloch v. Church* (1940), 234 Wis. 155, 290 N. W. 595; *Lukaszewicz v. Concrete Research, Inc., supra*.

The appellant argues that *Shanahan v. Midland Coach Lines* (1954), 268 Wis. 233, 67 N. W. 2d 297, undercuts the holding in *Schneider, supra*. We do not believe it does. In *Shanahan*, a clause of the policy was declared

void as contrary to the omnibus coverage statute because it provided for an exception to coverage solely to an additional insured. With this clause striken from the policy the court commented upon its effect at page 239, as follows:

"We are not unaware that the result reached is that the additional insureds are covered by the policy while, under the circumstances of this case, the named insured is not. It was pointed out in the *Depies Case* and in *Ainsworth v. Berg* (1948), 253 Wis. 438, 34 N. W. (2d) 790, 35 N. W. (2d) 911, that sec. 204.30 (3), Stats., is not meant to give additional insureds greater coverage than that given the named insured. But if a policy does in fact grant to additional insureds more protection than is afforded to the named insured, that is a matter of contract and is not inconsistent with the provisions of the statute."

While *Shanahan* is distinguished from *Schneider*, it does not change or overrule *Schneider*.

Another case cited by appellant merits comment. In *Haines v. Mid-Century Ins. Co.* (1970), 47 Wis. 2d 442, 177 N. W. 2d 328, this court held that sec. 204.34 (2), Stats., invalidated a family exclusion clause in an insurance policy which generally covered bodily injury suffered in an automobile accident involving plaintiff's insured automobile.

We stated that the purpose of sec. 204.30 (3) and sec. 204.34 (2), Stats., is to ". . . provide protection to innocent third persons injured by the negligent operation of motor vehicles by others regardless of the relationship between the victim and the driver." *Haines*, page 447.

In the *Haines Case*, to validate the family exclusion clause meant that the insurance company would have been liable to the insured but not to members of his family involved in the accident with him. The legislature precluded that situation by enacting sec. 204.34 (2), Stats. In this case the policy does not treat the insured

and potential additional insured unequally. They are both excluded from coverage. There is a strong public interest in preventing insurance companies from precluding liability to some members of a family while being liable to another member of that family.

Here the employer could have obtained insurance to cover fellow workers' injuries. In fact, this accident was covered by workmen's compensation. It was not the intent of the parties in making this liability insurance contract to submit the insurer to liability for such injuries. In prior cases we have held that while insurance contracts are to be strictly construed against the insurance company, such construction does not mean making a new contract between the parties. *Tischendorf v. Lynn Mut. Fire Ins. Co.* (1926), 190 Wis. 33, 208 N. W. 917; *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. 2d 545, 105 N. W. 2d 807.

The exclusionary clause in the present case is unambiguous and as such there is no reasonable construction that would allow this court to provide coverage for appellant whether it be under the guise of public policy or an ambiguous exclusionary clause.

Appellant further contends that since the exclusionary clause is found in the section under insured persons, the instant case can be distinguished from *Schneider, supra,* where the exclusionary clause was located in the section containing exclusions.

In *Shanahan v. Midland Coach Lines, supra,* page 237, this court considered this question. It stated that while " '. . . it ought not to make a difference where the exclusion is placed in the policy, . . .' " if there is a modification of the omnibus coverage clause, that restriction will not be valid. This court stated at page 238:

". . . Such clause being out of the policy, comparison of the coverage to the additional insured under its terms with that afforded the named insured elsewhere in the policy is not reached."

Here the exclusion clause, while not in the exclusion section, did not differentiate between the insured and the additional insured. Further, it cannot be said the placing of the clause in the section of insured persons was calculated to mislead the holder of the policy.

The insurer may have wished to best draw attention to the exclusion clause by placing it in the list of insureds section so that a careful reader would note its presence.

The final contention of appellant is that the *Schneider Case* should be overruled if this court finds that case to be controlling precedent. Although not explicitly stated, the appellant is making the argument that the public interest demands that *Schneider* be overruled.

It is true that the individual plaintiff here cannot obtain relief by suing the insurer; however, the insurer had not contracted to pay the damages nor collect premiums for this type of liability.

We conclude that the clause limiting the liability of the insured is not repugnant to the statute and is therefore a valid and binding contractual provision.

*By the Court.*—Judgment affirmed.