HOLMGREN (Emily), Individually and as Trustee, Plaintiff, v. STREBIG and another, Defendants and Third-Party Plaintiffs and Appellants: WESTERN CASUALTY & SURETY COMPANY and another, Third-Party Defendants and Respondents. [Case No. 77.]

HOLMGREN (Shirley), Individually and as Trustee, Plaintiff, v. STREBIG and another, Defendants and Third-Party Plaintiffs and Appellants: WESTERN CASUALTY & SURETY COMPANY and another, Third-Party Defendants and Respondents. [Case No. 78.]

ROWLEY, Individually and as Trustee, Plaintiff, v. STREBIG and another, Defendants and Third-Party Plaintiffs and Appellants: WESTERN CASUALTY & SURETY COMPANY, Third-Party Defendant and Respondent. [Case No. 79.]

*Nos. 77–79. Argued March 27, 1972.—Decided May 4, 1972.*
(Also reported in 196 N. W. 2d 655.)

For the defendants and third-party plaintiffs-appellants there were briefs by *George A. Richards* and *Tinkham, Smith, Bliss & Patterson,* all of Wausau, and oral argument by *Richard P. Tinkham.*

For the respondent Western Casualty & Surety Company there was a brief and oral argument by *Dennis C. Bailey* of Spooner.

For the plaintiffs Emily Holmgren and Shirley Holmgren there was a brief by *Garvey, O'Brien & Anderson,* and oral argument by *Richard J. Kelly,* all of Eau Claire.

HEFFERNAN, J.  The coverage and pertinent exclusion clauses of Western's liability policy follow:

"The Western will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
"C. bodily injury or
"D. property damage

to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use . . . of any automobile . . . .
"Exclusions
"This insurance does not apply:
"    .   .   .
" (b)  to any obligation for which the insured or any carrier as his insurer may be held liable under any work-

men's compensation, unemployment compensation or disability benefits law, or under any similar law . . . .

"II. PERSONS INSURED

"Each of the following is an insured under this insurance to the extent set forth below:

"(a) the named insured [Arctic];

" . . .

"(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured . . . .

"None of the following is an insured:

"(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment."

While reference is made in the appellants' brief to Exclusion (b) relating to workmen's compensation, that exclusion does not appear to be pertinent to the issues raised on the appeal and, in any event, merely applies to situations where an injured employee has received workmen's compensation benefits and seeks to hold his employer additionally liable. In this case there is no suit against the employer, and that exclusion is not pertinent in this action.

The main thrust of argument is concerned with paragraph (i) which provides that "any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment" is not an insured. If this exclusion is valid, Rowley's liability for negligence has not been underwritten by Western's liability policy issued to Arctic. We conclude that such exclusion is valid in Wisconsin unless made void by specific provisions of the Wisconsin statutes. In *Pyykola v. Woody* (1971), 52 Wis. 2d 342, 190 N. W. 2d 534, we concluded that an identical exclusion clause was not invalid. This court was there concerned with whether the exculpatory clause was repugnant to the general

omnibus statute, sec. 204.30 (3), Stats. We said, at page 347, citing *Schneider v. Depies* (1954), 266 Wis. 43, 62 N. W. 2d 431:

" 'It is the right of the insurer to limit its liability by the terms of the contract, unless the restriction be prohibited by statutes or consideration of public policy. *Olander v. Klapprote* (1953), 263 Wis. 463, 57 N. W. 2d 734. Here exclusion clause (c) (3) is plain and unambiguous and is not repugnant to the statute. It is not violative of public policy. It does not afford less coverage or protection to the general public in the use of an automobile by persons with permission of the assured than is afforded to the public by the carrier for the negligence of the assured. It is limited to those instances where an employee is injured by a coemployee of the same employer in the course of employment in an accident arising out of the maintenance or use of the insured automobile in the business of the employer.' "

The reasoning of *Pyykola* and *Schneider* is apposite to the instant case. *Pyykola* pointed out that the operation of the two exclusionary clauses—the workmen's compensation exclusion and the fellow-employee exclusion—result in treating both the insured and the additional insured equally.

In *Peterson v. Schmude* (1964), 23 Wis. 2d 9, 126 N. W. 2d 500, we held that, under the provisions of sec. 194.41, Stats., a policy of insurance could not exclude coverage for bodily injury to a fellow employee.

It was the statute itself that voided the employee exclusion. *Peterson* stated at page 14:

"The legislature in enacting sec. 194.41, Stats., although making an exception for cargo claims, made no exception for employees and we are unable to find any intent in the language of sec. 194.41 or in the language 'to protect the safety and welfare of the traveling and shipping public' in sec. 194.02 that an employee of a *contract motor carrier* may be excluded from the protection of the required policy." (Emphasis supplied.)

We believe that the trial judge correctly analyzed sec. 194.41, Stats., in relation to its applicability to a private motor carrier. Sec. 194.44 (2) provides that the insurance requirements of sec. 194.41 shall be applicable to private motor carriers. Sec. 194.44 (3) provides, however:

"The provisions of subsection (2) of this section shall not apply to any motor vehicle leased to or used by any private carrier who obtains a permit as required in subsection (1) of this section."

We therefore conclude that the trial judge properly reasoned that, inasmuch as an authorization had been granted for this operation by the Wisconsin department of transportation, it came under the exculpatory clause of sub. (3). Appellants point to no statutory requirement that a private motor carrier who obtains the required permit is obligated to conform with the omnibus coverage provisions of sec. 194.41, Stats. The *Peterson Case,* upon which the appellants rely, dealt only with the provisions applicable to *contract* motor carriers.

Following the report of accident, Form SR–21 indicating liability coverage by Western Casualty & Surety Company was sent to the insurer. Western did not deny coverage within the thirty-day limit provided by sec. 344.15 (4), Stats. The appellants herein contend that, by failing to assert defenses based on the exclusionary clauses of the policy, those defenses have been waived. Sec. 344.15 (5) provides, however:

"Nothing in this chapter shall be construed to impose any obligation not otherwise assumed by the insurance company or surety company in its automobile liability policy or bond except that if no correction is made in the report within 30 days after it is mailed to the insurance company or surety company, the company, except in case of fraud, whenever such fraud may occur, is estopped from using as a defense to its liability the

insured's failure to give permission to the operator or a violation of the purposes of use specified in the automobile liability policy or bond or the use of the vehicle beyond agreed geographical limits."

The insurer's failure to correct Form SR–21 within the statutory time would estop it from asserting the three defenses of lack of permission, violation of use, or use beyond geographical limits. *See Hain v. Biron* (1965), 26 Wis. 2d 377, 132 N. W. 2d 593, and *Hein v. State Farm Mut. Automobile Ins. Co.* (1966), 29 Wis. 2d 702, 139 N. W. 2d 611. Because the defense of an employment exclusion clause is not one of the three defenses set forth in the statute which will be waived by a failure to correct Form SR–21, Western is not estopped from relying on this policy defense.

Nor is Western an indispensable party to these actions by virtue of the payments made by it as the workmen's compensation insurer. Under the Wisconsin statutes and those of Minnesota, the compensation insurer *may* intervene or prosecute a third-party claim, but there is no requirement that the compensation insurer be joined as a party plaintiff. Sec. 102.29 (1), Wisconsin statutes, provides:

". . . the liability of the tort-feasor shall be determined as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting said claim . . . ."

*Johannsen v. Peter P. Woboril, Inc.* (1952), 260 Wis. 341, 51 N. W. 2d 53, held that a joinder of a workmen's compensation self-insurer could not be compelled in a third-party action. That case relied upon *Clark v. Chicago, M., St. P. & P. RR. Co.* (1934), 214 Wis. 295, 252 N. W. 685. The general rule was recognized in 2 Larson, *Workmen's Compensation Law*, p. 226.136, sec. 74.41:

"Although the employer or insurer may have a right to intervene in the employee's suit, their joinder cannot

be compelled by the third-party defendant, if they choose to waive their right to join."

In the instant case it was clear that Western had notice of the action and that it had declined to join in the lawsuit. There was substantial compliance with sec. 102.29 (1), Stats., which requires that reasonable notice be given to a compensation carrier and an opportunity to join in making a claim against the third-party defendant.

*By the Court.*—Judgments affirmed.