DAHM, and another, Appellants, v. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, and another, Respondents.

*No. 150 (1974). Argued September 8, 1976.—*
*Decided October 19, 1976.*
(Also reported in 246 N. W. 2d 131.)

124

For the appellants there was a brief in support of motion for rehearing by *Albert J. Goldberg* and *Goldberg, Previant & Uelmen, S. C.* of Milwaukee, and oral argument by *Albert J. Goldberg.*

For the respondents there was a brief in opposition to motion for rehearing by law office, *C. Donald Straub,* and oral argument by *Robert S. Schuch,* all of Milwaukee.

HANLEY, J. Two issues are raised on this appeal:

1. Is the exclusionary clause relied upon by the defendant insurance company which purports to exclude from coverage a fellow employee of the plaintiff-appellant contrary to public policy and sec. 204.34 (4), Stats., and therefore invalid?

2. Is the exclusionary clause invalid because the policy format did not comply with sec. 204.34 (5), Stats.?

*Validity of Exclusionary Clause*

The relevant exclusionary clauses of Employers Mutual's policy follow:

"Exclusions
"This insurance does not apply:
" . . .
"(b) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law. . . .
"II PERSONS INSURED
" . . .
"None of the following is an insured.
"(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment. . . ."

The defendant insurance company relies upon exclusion (i), commonly known as the fellow employee exclusion clause, to avoid coverage of defendant Schwartz in this action.

In *Pyykola v. Woody* (1971), 52 Wis. 2d 342, 190 N. W. 2d 534, and in *Holmgren v. Strebig* (1972), 54 Wis. 2d 590, 196 N. W. 2d 655, this court considered exclusion clauses identical to those stated above. The predecessor of those cases was *Schneider v. Depies* (1954), 266 Wis. 43, 62 N. W. 2d 431, in which the court determined the validity of a substantially similar fellow employee exclusion clause. In all of these cases, which involved actions by one employee against a fellow employee and their common employer's insurer, this court held that a clause such as exclusion (i) was not invalid as repugnant to the general omnibus statute, sec. 204.30 (3), Stats. That section states in part:

"No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in the policy. Such indemnity shall also extend to any person legally responsible for the operation of such automobile. . . ."

The rationale for these decisions was that the operation of the two exclusionary clauses—the workmen's compensation exclusion, such as clause (b) in this policy, and the fellow employee exclusion—resulted in equal coverage for the named insured and the additional insured. *Holmgren, supra,* p. 596.

The relevant facts of this case are identical to those of *Pyykola, supra,* and thus the trial court, concluding this case to be controlled by those decisions, held that the fellow employee clause was valid and that it operated to exclude Schwartz from coverage.

The appellants contend, however, that *Pyykola* and *Holmgren* have been effectively overruled by the recent decision of *Davison v. Wilson* (1975), 71 Wis. 2d 630, 239 N. W. 2d 38.

In *Davison* the plaintiff was injured while riding as a passenger in an automobile driven by Wilson, the defendant. Both parties were employed by the same employer and were in the course of their employment when the accident occurred. Wilson was the named insured of an automobile liability policy issued by Dairyland Insurance Company. The policy contained a fellow employee exclusion clause substantially similar to the clause considered in *Pyykola* and *Holmgren.* At issue

in *Davison,* as in these other cases, was the validity of the fellow employee exclusion clause.

In *Davison* this court held the fellow employee exclusion clause contrary to sec. 204.34 (4), Stats., and therefore invalid. Sec. 204.34 (4), enacted in 1961, states:

"No policy of insurance, agreement of indemnity, or bond referred to in sub. (1) shall exclude from the coverage afforded or provisions as to benefits therein, liability on account of bodily injury, sickness or disease, including death resulting therefrom, sustained by any person who is a named insured."

It was noted by the court that if the exclusion were valid, Wilson, the named insured co-employee, could be denied compensation from his own policy were he a passenger injured in his own automobile and Davison the driver with Wilson's consent. This result would be in direct conflict with sec. 204.34 (4). *Davison, supra,* at p. 641.

The court also found the fellow employee exclusion clause in *Davison* to be contrary to public policy. It was recognized that while the clause appeared to be intended to deny coverage where the named insured was the employer and the driver and injured party were both subject to workmen's compensation, the exclusion expressly denied coverage to any employee, including the named insured, with respect to the injury of a fellow employee. By its terms, the clause could have also applied to all cross-employee suits even though the employer may not be required to have workmen's compensation coverage. Therefore, the exclusion was contrary to the public policy expressed by the consistent position of the court that the purpose of the omnibus statute is to provide coverage to the insured and compensation to victims of automobile accidents. *Davison, supra,* at pp. 638–39.

In its final paragraph of the *Davison* opinion the court states:

"While some of the problems raised in this opinion may well require legislative attention beyond the ambit of cross-employee actions, in this case we go no further than to say that a coemployee exclusion clause which may have the effect of depriving a named insured of coverage is invalid irrespective of the fact situation to which it is applied." *Davison, supra,* at p. 641.

Thus, *Davison* holds that a fellow employee exclusion clause, which the court has found valid in *Schneider* and *Holmgren* is invalid, and yet it is not stated that these earlier decisions are overruled. The opinion distinguishes the conflicting decisions by stating:

"In those cases which have validated this particular exclusion, the driver was not, as in this case, the named insured. *See, e.g., Pyykola v. Woody* (1971), 52 Wis. 2d 342, 190 N. W. 2d 534; *Holmgren v. Strebig* (1972), 54 Wis. 2d 590, 196 N. W. 2d 655." *Davison, supra,* at p. 639.

There is, however, a more important distinction, which was recognized by the court in *Davison,* between the *Pyykola* and *Davison* types of cases. In *Pyykola* the named insured was the employer of the tortfeasor and the injured fellow employee; in *Davison* the named insured was one of the co-employee parties to the action. This difference is critical to the determination in this case in consideration of the intention of these exclusion clauses and the public policy.

It is well recognized that the intention of the drafters of fellow employee exclusion clauses is to exclude injuries to employees of the named insured. 7 Appleman, *Insurance Law and Practice,* sec. 4416, p. 417 (1962); 12 *Couch on Insurance* 2d, sec. 45:543 (1964). Such an exclusion is justified because under workmen's compensation law the employer is protected from common-law tort actions brought by injured employees. *See* sec. 102.03 (2), Stats. The object of the contract of insurance is to provide insurance against liability in tort

and not against the liability of an employer to his employees under the Workmen's Compensation Act. *Buck v. Home Mutual Casualty Co.* (1951), 258 Wis. 2d 538, 542–43, 46 N. W. 2d 749. The purpose of a fellow employee exclusion clause, therefore, is to leave an employee, who is injured by an employer's motor vehicle being operated by a fellow employee while both are in the course of their employment, to his remedy under workmen's compensation law or to an action against his fellow employee. *Brandt v. Employers' Liability Assurance Corp.* (1938), 228 Wis. 328, 280 N. W. 403, overruled, *Sandstrom v. Estate of Clausen* (1951), 258 Wis. 534, 46 N. W. 2d 831.

The fellow employee exclusion clause has evolved in Wisconsin as a result of prior decisions which cast doubt upon the effectiveness of other clauses in excluding the fellow employee tortfeasor from coverage. In *Sandstrom v. Estate of Clausen, supra,* the court held that a clause which excluded coverage for injury or death "of any employee of the 'insured'" could only serve to exclude coverage where the injured party was the employee of the person calling for protection under the policy. In *Buck v. Home Mutual Casualty Co., supra,* an exclusion which stated that the policy did not apply "to any obligation for which the insured . . . may be held liable under any Workmen's Compensation Law," was held not to exclude coverage where the tortfeasor was not the employer of the injured party. Following these decisions, insurance companies inserted the fellow employee exclusion clause, and in *Schneider v. Depies, supra,* the first case which considered this clause, the court found it to be a valid exclusion.

■

The prior decisions in *Schneider, Pyykola* and *Holmgren* indicate that the above stated purpose of the fellow employee exclusion clause is not contrary to the policy of this state. On the other hand, the *Davison* opinion

clearly expresses the policy of the state that a fellow employee exclusion clause will not be permitted to deny coverage to a named insured. Therefore, the fellow employee exclusion clause will violate no rule of law in this state if it is held to be valid only where the injured party and the tortfeasor are employees of the named insured under the policy, and where the named insured employer is required to provide workmen's compensation coverage. The above holding is valid since *Davison* did not declare the fellow employee exclusion clause void under all circumstances, but only when it could deprive a named insured of coverage.

Where the fellow employee exclusion clause is interpreted to apply only under the above circumstances, it cannot violate the omnibus statute for, as pointed out in *Pyykola*, the operation of the workmen's compensation exclusion combines with the operation of the fellow employee exclusion clause to give both the named insured and the additional insured equal coverage. In addition, the clause interpreted this way cannot operate to exclude the named insured from coverage, thereby violating sec. 204.34 (4), because the named insured is not a co-employee and cannot be affected by the clause.

In *Davison* the court recognized the justification for the exclusion of an employee from coverage when the employer is the named insured. It was stated at pages 637 and 638.

"It should be stressed that in this case the named insured is not the employer. He is a fellow employee. He has not paid for workmen's compensation insurance, and he is afforded no protection thereby."

This language indicates that the clause should be valid where the employer is the named insured.

The interpretation that a fellow employee exclusion clause is not void, but only applicable where the named insured is the employer of the tortfeasor and injured

party is not without precedent. *See* Annotation, *Construction and Application of Provision of Automobile Liability Policy Expressly Excluding From Coverage Liability Arising From Actions Between Fellow Employees,* 45 A.L.R. 3d 288, secs. 17–18 (1972) ; 12 *Couch on Insurance* 2d sec. 45.588, p. 546 (1964) ; 7 Appleman, *Insurance Law and Practice,* sec. 4416, pp. 422–23 (1962). In *Henderson v. International Service Insurance Co.* (1964), 65 Wash. 2d 300, 396 P. 2d 877, the owner of a motor scooter, who was the named insured, while in the course of his employment, loaned the insured motor scooter to a fellow employee, who, while also in the course of his employment, was involved in an accident resulting in injuries to a third fellow employee. The Washington court, interpreting the fellow employee exclusion clause, stated:

"It is well settled that this type of exclusion applies only where the injured party and the tortfeasor are employees of the named insured (or at least 'an' insured) under the policy. [citations omitted].

"This exclusion was meant to apply to employees of the insured, who are presumably covered by other insurance, such as workman's compensation or employees liability insurance. This is a valid reason for providing such an exclusion, but there is no reason why the policy should exclude protection to the insured against liability to his fellow employees, when their employer is a stranger to the insurance contract. . . ." P. 302.

While our holding will interpret the exclusion more narrowly than its express language might allow, it will accomplish the intention of the parties, and this method of resolution is considered preferable to the alternative of declaring the exclusion clause void under all circumstances.

In addition, specific legislative treatment of this insurance problem would serve to greatly clarify the operation of the law under the circumstances of *Davison* or the case at bar.

In applying this rule of law to the present case, it is discovered that the record is devoid of any information as to whether the employer, Concrete Products, was required to provide workmen's compensation. As such compensation is essential to the valid application of this exclusion, summary judgment should not have been granted.

*Policy Format Under Sec. 204.34 (5)*
Sec. 204.34 (5), Stats., provides:

"Every policy of insurance, agreement of indemnity or bond referred to in sub. (1) shall afford coverage in respect to liability on account of bodily injury, sickness or disease, including death resulting therefrom, sustained by any person who is a passenger in or on the insured vehicle, or it shall state prominently on its face in contrasting color that such coverage is not afforded."

In *Davison v. Wilson, supra,* it was stated at page 634:

"Whenever coverage for liability is denied to a passenger in the insured vehicle, the exclusion or denial of coverage must follow the format prescribed by sec. 204.34 (5)."

In *Davison* it was further stated at page 633:

"It is apparent that the legislature considered it mandatory and necessary as a matter of public policy that insurers alert prospective purchasers that coverage afforded under the general insuring agreement would not be afforded under some circumstances. These exclusions from coverage cannot be considered valid, because the notice given to the purchaser of the policy was insufficient under the statutes."

, It is obvious that under whatever circumstances in which the fellow employee exclusion clause may apply, the result could be a denial of coverage for liability to a passenger in the insured vehicle. An inspection of the policy in this case shows that the format of sec. 204.34 (5) has not been followed. Therefore, in any

event the exclusion must be found invalid for a failure to meet sec. 204.34 (5).

We conclude that a fellow employee exclusion clause is only valid where the injured party and the tortfeasor are employees of the named insured and the employer is required to provide workmen's compensation coverage. The order and judgment of the trial court is reversed on the following grounds: (a) the record failed to show that the employer was required to provide workmen's compensation and (b) a failure to comply with the format requirements of sec. 204.34 (5), Stats. We also withdraw the original unpublished per curiam decision.

*By the Court:*—Judgment and order reversed and cause remanded.

ABRAHAMSON, J., took no part.