Robert L. KLICK and Mary T. Klick, Plaintiffs,

v.

AMERICAN MUTUAL INSURANCE COMPANY OF BOSTON and Windsor Mobile Homes, Inc., Defendants.

No. 78–C–461.

United States District Court, E. D. Wisconsin.

Dec. 19, 1978.

Borgelt, Powell, Peterson & Frauen, by Frank A. Scherkenbach, Milwaukee, Wis., for plaintiffs.

Frisch, Dudek & Slattery by Robert A. Slattery, Ronald E. Barry, Proctor D. Robison, Dennis M. Grzezinski, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a products liability action in which Robert L. Klick alleges that he was injured when the framework of a mobile home collapsed during the course of his employment. Subsequent to the alleged accident, Mr. Klick received workmen's compensation benefits from his employer's insurance carrier, the Insurance Company of North America (INA). On July 28, 1978, Mr. Klick and his wife, Mary T. Klick, filed this action against the manufacturer of the mobile home in question, Windsor Mobile Homes, Inc., and Windsor's liability insurer, American Mutual Insurance Company of Boston. This matter is presently before me on the defendants' motion to join INA as a plaintiff pursuant to Rule 19, Federal Rules of Civil Procedure, or, in the alternative, to dismiss this case pursuant to Rule 12(b)(7), Federal Rules of Civil Procedure.

Rule 19(a) provides:

"(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject

of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

The defendants have asserted and the plaintiffs do not dispute the fact that INA is subject to service of process and that its joinder would not deprive this court of subject matter jurisdiction over this dispute. Thus, the relevant inquiry is whether any of the three conditions listed in Rule 19(a) exist, thereby requiring INA to be joined as a party if feasible. For the reasons which follow, I do not believe that any of these conditions exist, and thus the defendants' motion for joinder of INA will be denied.

My conclusion that INA need not be joined in this action is based primarily on my interpretation of § 102.29(1), Wis.Stats., which provides in part:

"(1) The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe, the employe's personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party; . . . The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death. However, each shall give to the other reasonable notice and opportunity to join in the making of such claim or the instituting of an action and to be represented by counsel . . Each shall have an equal voice in the prosecution of said claim, and any disputes arising shall be passed upon by the court before whom the case is pending, . . . *If notice is given as provided in this subsection, the liability of the tortfeasor shall be determined as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting such claim, the proceeds of such claim shall be divided as follows*: . . ." (emphasis added).

It is apparent from the face of § 102.29(1) that in cases such as the one at bar an injured employee as well as a workmen's compensation carrier have a right to sue an alleged tort-feasor such as Windsor. However, if either the injured employee or the insurance carrier choose not to be a party to a suit against the alleged tort-feasor, the absent party will be bound by the judgment in any such court action of which they have notice.

In paragraph 5 of their amended complaint, the plaintiffs allege that the

"Insurance Company of North America has been given reasonable notice and opportunity to join in the prosecution of this action, but chooses not to join as a named party. However, said workmen's compensation reserves its right to an equal voice in the prosecution and to otherwise share in the benefits of the proceeds of any third party claims."

Since INA has notice of this suit, pursuant to § 102.29 it will be bound by the resolution of the plaintiffs' claims in this case. *Holmgren v. Strebig*, 54 Wis.2d 590, 196 N.W.2d 655 (1971).

Given this fact, none of the conditions listed in Rule 19 as a prerequisite for joinder exist in this case. The first joinder standard, which is prescribed in Rule 19(a)(1), is designed to protect those who already are parties by requiring the presence of all persons who have an interest in the litigation so that any relief that may be awarded will effectively and completely adjudicate the dispute. *Illinois Brick Co. v.*

*State of Illinois,* 431 U.S. 720, 739, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977). "In addition, it furthers the interest of the public in judicial economy by avoiding repeated lawsuits involving essentially the same subject matter." Wright & Miller, Federal Practice and Procedure § 1604 (1972). Since under § 102.29 INA will be bound by the result in this suit, the present parties to this suit will be afforded full relief even if INA is not joined, and there is no chance for a multiplicity of suits as a result of INA's refusal to join as a plaintiff in this case.

Nor am I persuaded that a failure to join INA will "impair or impede [ᵀNA's] ability to protect [its] interest" in this case. INA has notice of this case and has chosen not to participate as a plaintiff. Rule 19(a)(2)(i) was written to protect the interest of absent parties such as INA. Moores Federal Practice Par. 19.07–1(2). Therefore, the defendants may not use that rule to join INA as a plaintiff when INA believes that it is in its interest not to become a plaintiff in this suit. *Gateway Associates, Inc. v. Essex-Costello, Inc.,* 380 F.Supp. 1089, 1095 (N.D.Ill.1974).

The defendants' reliance on *Insurance Company of North America v. Blindauers Sheet Metal and Heating Co.,* 61 F.R.D. 323 (E.D.Wis.1973), is ill-founded. In that case, I held that an employee who was injured in an industrial accident had a right to intervene in an action commenced by his workmen's compensation carrier, even though that intervention was opposed by the plaintiff carrier. Pursuant to § 102.29, the absent party, in *Blindauers,* would have been bound by any judgment in a suit brought by another party. However, as distinguished from this case, the absent person in *Blindauers* desired to participate as a plaintiff. Since Rule 19(a)(2)(i) is designed to protect the interests of absent persons, I find this difference in the wishes of such persons to be crucial and distinguish *Blindauers* from this case on that basis.

Furthermore, the defendants have not shown that unless INA is joined they will be "subject to a substantial risk of incurring double, multiple, or otherwise incon-

sistent obligations by reason of [INA's] claimed interest." Rule 19(a)(2)(ii), Federal Rules of Civil Procedure. Under the provisions of § 102.29, INA will be bound by any judgment in this case and thus will be foreclosed from successfully bringing a second suit against the defendants which would result in a double recovery against them.

Since the defendants have failed to show that any of the conditions listed in Rule 19 exist, I do not believe that INA needs to be joined as a party to this suit. Moreover, I am not persuaded that *Hrabak v. Madison Gas and Electric Co.,* 240 F.2d 472, 479 (7th Cir. 1957), compels a different result. Under the rules of civil procedure in effect in 1957, persons having a "joint interest" with a plaintiff in an existing suit were necessarily joined as a plaintiff to the suit. Thus, in *Hrabak* the court of appeals found no error in a district court's order joining an insurance carrier as an involuntary plaintiff in a suit filed by an injured employee. However, under Rule 19, as it is presently written, whether a party has a "joint" or a "derivative" interest is not dispositive of the question of joinder as it was in *Hrabak* under the rules of civil procedure in effect in 1957. Thus, the defendants' motion to join INA as a plaintiff pursuant to Rule 19, Federal Rules of Civil Procedure, will be denied.

The defendants have also moved to dismiss for failure to join an indispensable party pursuant to Rule 12(b)(7), Federal Rules of Civil Procedure. Since I have concluded that the joinder of INA as a plaintiff is not necessary, the defendants' motion to dismiss will be denied.

Therefore, IT IS ORDERED that the defendants' motion for an order dismissing the complaint of the plaintiffs, or, in the alternative requiring the joinder of the Insurance Company of North America as a plaintiff, be and hereby is denied.