URHAMMER (JoAnn), Plaintiff and Respondent, v. OLSON and another, Defendants and Appellants: URHAMMER (Edward), and another, Impleaded Defendants and Respondents.

*No. 246. Argued May 7, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 688.)

448

For the appellants there was a brief by *Doar, Drill & Norman* of New Richmond, and oral argument by *James A. Drill*.

For the respondent there was a brief by *Gwin, Fetzner & Richards*, attorneys, and *John W. Fetzner* and *C. A. Richards* of counsel, all of Hudson, and oral argument by *C. A. Richards*.

WILKIE, J. Wisconsin law clearly governs the tort aspects of this controversy.[1] Olson and Heritage will be able to have a comparison of negligence with Urhammer and may seek contribution from him individually. The narrow issue presented on this appeal, therefore, becomes whether State Farm is entitled to assert the family-exclusion clause as a defense to liability under its insurance contract with Mr. Urhammer.

The liability insurance contract in question was written and delivered in Minnesota to Urhammer, a Minnesota resident. Appellants contend that we should apply Wisconsin law to Urhammer's contract and invalidate the family-exclusion clause.[2]

---

[1] *Zelinger v. State Sand & Gravel Co.* (1968), 38 Wis. 2d 98, 156 N. W. 2d 466; *Conklin v. Horner* (1968), 38 Wis. 2d 468, 157 N. W. 2d 579; *Heath v. Zellmer* (1967), 35 Wis. 2d 578, 151 N. W. 2d 664.

[2] Sec. 204.34 (2), Stats., makes it unlawful to include family-exclusion clauses in Wisconsin automobile liability insurance contracts.

State Farm contends, and Mr. Urhammer does not dispute the contention, that Minnesota law applies. Olson and Heritage were not parties to the insurance contract in question here; State Farm and Mr. Urhammer were.

Although this case fails to present a controversy between the contracting parties over the applicable law to be applied and, consequently, is not a true conflicts case, because Olson and his insurer have standing to sue Urhammer's insurer directly, we choose to reach the conflicts question as to whether Minnesota or Wisconsin law applies to the enforceability and interpretation of the family-exclusion provision of the insurance contract.

In several recent cases decided by this court involving conflicts of law in the contract area, it was unnecessary to make a choice between the grouping-of-contacts approach to the determination of conflicts questions and the traditional rules dependent upon the place of making, performance, and presumed intention of the parties.[3] In *Knippel*[4] and *Peterson*[5] we recognized there was much to be said for this new approach, although it was unnecessary to make the change in those cases.

We now adopt the grouping-of-contacts approach for the resolution of conflicts questions pertaining to the validity and rights created by the provisions of a disputed contract.

Under the grouping-of-contacts theory it is clear that the significant contacts, both quantitatively and qualitatively, are with Minnesota. Here the negotiations over the contract were undertaken in Minnesota; the domicile of the parties is Minnesota; the policy was entered into, issued and delivered in Minnesota; premiums were paid

---

[3] *Peterson v. Warren* (1966), 31 Wis. 2d 547, 143 N. W. 2d 560; *Estate of Knippel* (1959), 7 Wis. 2d 335, 96 N. W. 2d 514. *See also Wojciuk v. United States Rubber Co.* (1963), 19 Wis. 2d 224, 235c, 120 N. W. 2d 47, 122 N. W. 2d 737; *Lazarus v. American Motors Corp.* (1963), 21 Wis. 2d 76, 123 N. W. 2d 548.

[4] *Supra,* footnote 3.

[5] *Supra,* footnote 3.

and claims filed in Minnesota and the vehicle involved was licensed and garaged in Minnesota. There are no significant contacts with Wisconsin. While the appellants correctly state that the place of the accident and the residence of one defendant and his insurance carrier are in Wisconsin, these factors, though relevant to the tort aspects of this case, have nothing to do with the contract question. Certainly one would not argue that the policy limits in this contract would change when state lines are crossed. Likewise, the other contractual relations, bargained and agreed to by the Minnesota contracting parties, should not change.

Although Wisconsin does not permit such a family exclusion in an insurance contract written and issued in Wisconsin (sec. 204.34 (2), Stats.) it is not against Wisconsin policy to recognize and enforce such a provision in the foreign contract. Minnesota law governs.

We now reach appellants' alternative argument and consider the effect of Minnesota law on this particular contract.

Appellants cite *Engebretson v. Austvold,*[6] *Tomlyanovich v. Tomlyanovich,*[7] and *LeRoux v. Edmundson,*[8] in support of their position that Minnesota upholds the validity of a family-exclusion clause only under circumstances in which the insured would be partial to the claimant because of the family relationship.

In *Engebretson,* the defendant was the daughter of the plaintiff. In 1931 she married and moved to Montana. Her husband died in 1933, whereupon defendant returned to Minnesota and was living in her mother's home when the accident occurred out of which the action arose. The insurance policy issued to defendant excluded liability

[6] (1937), 199 Minn. 399, 271 N. W. 809.

[7] (1953), 239 Minn. 250, 58 N. W. 2d 855.

[8] (1967), 276 Minn. 120, 148 N. W. 2d 812.

for injury to "persons in the same household as the assured, or those in the service or employment of the assured." The court held that the defendant was a member of the same household as her mother and that the clause effectively excluded the mother from coverage.

The court did not articulate its reasons for upholding the clause but rejected a narrow construction, saying:

"There is no excuse for giving the policy limitation which controls [this] decision any undue narrowness, either of construction or application. It is unambiguous. It should be given that fair construction required by its plain language and equally plain purpose." [9]

In *Tomlyanovich*, the defendant's automobile-liability policy contained a clause which excluded coverage of "any member of the family of the insured." Defendant, at the time of the accident which prompted the litigation, was unmarried and resided in the family home owned by his father. Defendant's brother, the plaintiff in the action, was also unmarried and lived at the family home. Plaintiff was injured while a passenger in defendant's car. The court held that the clause effectively excluded the plaintiff and that to adopt a narrow meaning of the clause would "virtually wipe out the exclusion in this state." [10]

The court pointed out that the obvious purpose of the family exclusion clause was "to exempt the insurer from liability to those persons to whom the insured, on account of close family ties, would be apt to be partial in case of injury." [11]

In *LeRoux*,[12] a joint tort-feasor sought contribution from the defendant and his insurer for damages paid to two minor children injured in an automobile accident while they were passengers in defendant's car. Defend-

---

[9] *Engebretson, supra,* footnote 6, at page 402.

[10] *Tomlyanovich, supra,* footnote 7, at page 261.

[11] *Id.* at page 263.

[12] *Supra,* footnote 8.

ant's insurance excluded from coverage any liability for "bodily injury to the insured or any member of the family of the insured residing in the same household as the insured." The court held that the injured children (though illegitimate) were members of the defendant's family and were excluded from coverage under the policy.

We find nothing in the cited cases that would lead to the conclusion that the Minnesota court, faced with the instant fact situation, would do anything other than uphold the validity of the family-exclusion clause. Minnesota law recognizes and enforces the exclusion provision of such an insurance contract as Urhammer's in the manner contended for here by State Farm. We decline to place any different interpretation on that contract before the Minnesota courts have adopted a new version of the contract helpful to Olson and Heritage. Therefore, the motion for summary judgment, insofar as the State Farm Mutual Automobile Insurance Company is concerned, was properly granted.

*By the Court.*—Judgment affirmed.