KNIGHT, Plaintiff, v. HERITAGE MUTUAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff and Respondent: PODOLSKE, Defendant: KNIGHT, and another, Third-Party Defendants and Appellants.

*No. 579 (1974). Submitted on briefs October 2, 1975.—Decided March 12, 1976.*
(Also reported in 239 N. W. 2d 348.)

For the appellants the cause was submitted on the briefs of *Boardman, Suhr, Curry & Field* of Madison.

For the respondents the cause was submitted on the brief of *Frank M. Coyne* of Madison.

DAY, J. This is an appeal from a judgment of contribution against the third-party defendant and appellant, State Farm Mutual Automobile Insurance Company, in favor of Heritage Mutual Insurance Company, defendant and third-party plaintiff-respondent, entered April 29, 1974.

On May 9, 1970, Edward A. Podolske, a resident of Watertown, Wisconsin, whose insurance carrier was Heritage Mutual Insurance Company, a domestic insurance corporation, was driving a car involved in an accident in Dane County, Wisconsin, with a car driven by one Harvey M. Knight, a resident of East Peoria, Illinois. His insurance carrier was State Farm Mutual Automobile Insurance Company, an Illinois insurance corporation. Accompanying Mr. Knight was his wife, Ruby, who was a passenger in his car at the time of the accident. She suffered injuries as a result of the collision.

Following the accident, Mr. Knight filed an SR–21 with the division of motor vehicles pursuant to Wisconsin's financial responsibility law. State Farm did not correct this filing.

Ruby Knight then commenced a personal injury action in Wisconsin against Mr. Podolske and Heritage, who, in turn, impleaded and complained against Mr. Harvey Knight and State Farm for contribution.

The policy under which State Farm insured Mr. Knight included a family exclusion clause which in pertinent part provided:

"This insurance does not apply under: . . .
"(h) . . . to bodily injury to . . . any member of the family of an insured . . ."

The policy also provided:

"FINANCIAL RESPONSIBILITY LAWS
"When certified as proof of future financial responsibility under any motor vehicle financial responsibility law and while such proof is required during the policy period, this policy shall comply with such law if applicable, to the extent of the coverage and limits required thereby; but not in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obliged to make under the terms of this policy except for the agreement contained in this paragraph."

Based on the household exclusion clause, State Farm moved for summary judgment on May 23, 1972, and the court entered a formal order denying said motion on September 15, 1972. After the denial of State Farm's motion for summary judgment, the claim of Ruby Knight was settled by stipulation. It was stipulated that Harvey Knight was 85 percent causally negligent in the accident, and that Mr. Podolske was 15 percent causally negligent, that Ruby Knight's damages were $6,000 to be paid by Heritage Mutual, and that Ruby Knight would execute general releases running to Heritage Mutual, Edward A. Podolske, Harvey Knight, and State Farm Mutual for all damages arising from the accident. It was further stipulated that the third-party complaint by Heritage against Mr. Knight and State Farm should not be dismissed, that Heritage should be entitled to a judgment of contribution against Mr. Knight without further notice, and that the right to contribution against State Farm was reserved pending a ruling of the court upon the affirmative defenses of State Farm based upon the terms of its policy.

Heritage applied for contribution upon the stipulation referred to, and the court granted a judgment of contribution in favor of Heritage against Mr. Knight and State Farm in the amount of $5,100, representing 85 percent of the stipulated damages of Ruby Knight. The principal question on appeal is whether or not the family exclusion clause in the State Farm policy issued in Illinois to an Illinois resident, Mr. Knight, is effective in Wisconsin. When raised as a defense to an accident occurring in this state, we conclude that the clause is effective and, accordingly, reverse. Other issues raised in the briefs will be dealt with in this opinion.

Heritage and the court below rely on the provisions in the Wisconsin Statute that forbid the so-called family exclusion clause in policies issued in Wisconsin.[1] This court has previously noted that the clause is valid in Illinois and will be enforced by the courts of that state. *Zelinger v. State Sand & Gravel Co.* (1968), 38 Wis. 2d 98, 108, 156 N. W. 2d 466; *Henderson v. State Farm Mut. Auto. Ins. Co.* (1973), 59 Wis. 2d 451, 455, 208 N. W. 2d 423. This court has also held that this exclusion has been given effect in Wisconsin when valid in the state of policy issuance. *Zelinger, supra,* at p. 108. In *Urhammer v. Olson* (1968), 39 Wis. 2d 447, 451, 159 N. W. 2d 688, this court said:

"Although Wisconsin does not permit such a family exclusion in an insurance contract written and issued in Wisconsin . . . it is not against Wisconsin policy to recognize and enforce such a provision in the foreign

[1] "204.34 **Provisions of motor vehicle policies.** (1) No policy of insurance, agreement of indemnity or bond covering liability or loss arising by reason of the ownership, maintenance or use of a motor vehicle issued in this state shall exclude from the coverage afforded or provisions as to benefits therein any of the following: . . .

"(2) No policy of insurance, agreement of indemnity or bond referred to in subsection (1) shall exclude from the coverage afforded or the provisions as to the benefits therein provided persons related by blood or marriage to the assured."

contract . . ." *See also: Korth v. Mueller* (D. C. Wis. 1970), 310 Fed. Supp. 878, 882, 883 (W. D. Wis.) ; *Ford v. Graf* (D. C. Wis. 1968), 279 Fed. Supp. 692, 694 (W. D. Wis.).

It is clear that a family exclusion provision in a policy issued in Illinois is not contrary to Wisconsin law since the statute provides only that such a clause may not be contained in a policy issued in this state. The policy in this case was issued in Illinois to an Illinois resident. There is no issue of a conflict of law between Illinois and Wisconsin, since Wisconsin law only applies to policies issued in Wisconsin. From the case law cited, it is clear that even if there were a conflict of law issue here, Wisconsin would recognize the provision and enforce the clause in a policy issued elsewhere, as long as the clause is enforceable in the state where it was issued.

Heritage claims that State Farm, in effect, waived its defense by the inclusion of the following clause in its policy:

*"When certified as proof of future financial responsibility* under any motor vehicle financial responsibility law . . . this policy shall comply with such law if applicable, to the extent of the coverage and limits required thereby . . . ."* (Emphasis added.)

Chapter 344 of the Statutes, "Financial Responsibility," provides for security for past accidents, and for proof of financial responsibility for the future. Sec. 344.24, Stats.[2] Proof of financial responsibility for the future may be made by filing a certificate of insurance

---

[2] "344.24 Applicability of sections relating to proof of financial responsibility for the future. Sections 344.29 to 344.41 are applicable in all cases in which a person is required to deposit proof of financial responsibility for the future, including those cases in which a person is required to deposit proof of financial responsibility for the future under ss. 344.25 to 344.27 and those cases in which the deposit of proof of financial responsibility for the future is a condition precedent to reinstatement of an operating privilege revoked pursuant to ch. 343."

under sec. 344.30 (1). Under sec. 344.32 (1) (b),[3] such a policy filed for future security could not contain any family exclusion clause. However, as to security for past accidents, the issue has been settled by this court's holding in *Pinkerton v. United Services Automobile Assn.* (1958), 5 Wis. 2d 54, 56, 92 N. W. 2d 256, where this court said:

"The statutes pertaining to security for the payment of damages for past accidents if revocation of driving privileges is to be avoided are secs. 344.12 to 344.22, Stats. They are known as the Safety Responsibility Law (sec. 344.22), and they do not require an insurer who is concerned only with protecting its assured in a past accident to agree that the insurance policy be interpreted to conform to the laws of Wisconsin relating to terms of such policies written in this state. . . ."

Since the case before us did not involve future financial responsibility, State Farm's policy did not have to conform to Wisconsin law, and the policy provision cited above does not result in elimination of a family exclusion clause valid in Illinois.

The filing of the SR–21 by Mr. Knight and the failure of State Farm to object does not constitute a waiver or result in an estoppel so as to prevent State Farm from raising the family exclusion policy defense. The matter

---

[3] "344.32 **Certificate furnished by nonresidents as proof.** (1) A nonresident may give proof of financial responsibility by filing with the administrator a written certificate of an insurance carrier authorized to transact business in the state in which he resides, provided such certificate otherwise conforms to this chapter. The administrator shall accept the certificate only upon condition that such insurance carrier complies with the following provisions with respect to the policies so certified:

"...

"(b) Such insurance carrier shall agree in writing that such policies shall be deemed to conform with the laws of this state relating to the terms of motor vehicle liability policies issued herein."

is governed by statute.[4] All that is waived by failure to correct within the time period prescribed are the three defenses there set forth in the statute. This court has so held on numerous occasions. *See: Holmgren v. Strebig* (1972), 54 Wis. 2d 590, 597, 598, 196 N. W. 2d 655; *Knutson v. Mueller* (1975), 68 Wis. 2d 199, 211, 228 N. W. 2d 342. In *Pinkerton, supra,* the insurance company had, prior to the time of the accident involved, filed a specific waiver providing that any policy involved in an accident in Wisconsin would conform to Wisconsin law. There was no such waiver filed by State Farm at any time in this case, and State Farm is not barred or estopped from relying on its household exclusion clause as a defense to liability in this case.

Heritage also raises the issue that, since an appeal was not taken by State Farm from the adverse ruling on its motion for summary judgment, it is too late to take the present appeal from the judgment entered against it for contribution. We disagree. The trial court was not bound by its ruling on the motion for summary judgment in determining the contribution question. The order denying summary judgment was not *res adjudicata* and the trial court could have reached a different conclusion on the contribution question. *Holzinger v. Prudential Ins. Co. of America* (1936), 222 Wis. 456, 269 N. W. 306. The judgment appealed from here was not in actuality merely an appeal from the order denying the summary judgment

---

[4] Sec. 344.15 (5), Stats., provides in part:

"Nothing in this chapter shall be construed to impose any obligation not otherwise assumed by the insurance company . . . in its automobile liability policy . . . except that if no correction is made in the report within 30 days after it is mailed to the insurance company . . . , the company . . . is estopped from using as a defense to its liability the insured's failure to give permission to the operator or a violation of the purposes of use specified in the automobile liability policy . . . or the use of the vehicle beyond agreed geographical limits."

in the first instance. Even if this appeal were considered as being taken from the order denying summary judgment, the plaintiff has now waived its right to object to its timeliness. Timeliness in perfecting an appeal is not a matter of subject matter jurisdiction so as not to be subject to waiver; it is a matter of personal jurisdiction, and a respondent waives any defect if he participates in the appeal without moving to dismiss. Heritage made no motion to dismiss and cannot now ask for dismissal on the basis that an appeal was not timely made. *Richie v. Badger State Mutual Casualty Co.* (1963), 22 Wis. 2d 133, 137, 125 N. W. 2d 381; *Barnard v. Coates* (1965), 28 Wis. 2d 1, 7, 8, 135 N. W. 2d 809.

*By the Court.*—That part of the judgment in favor of Heritage Mutual Insurance Company against State Farm Mutual Automobile Insurance Company in the amount of $5,100 is reversed.