In the Matter of ENERGY RESEARCH AND DEVELOPMENT CORPORATION, Debtor.

ENERGY RESEARCH AND DEVELOPMENT CORPORATION, Plaintiff,

v.

William ATHEY, Defendant.

Bankruptcy No. 80–0117.

United States Bankruptcy Court, W. D. Wisconsin.

Jan. 12, 1981.

---

**934**

Rameker & Rudoy, S.C., by William J. Rameker, Madison, Wis., for Energy Research and Development Corp., plaintiff.

Van Metre, Hanson, Clarke & Schnitzler by Roger G. Schnitzler, Madison, Wis., for William Athey, defendant.

## OPINION

ROBERT D. MARTIN, Bankruptcy Judge.

The issue before the court on plaintiff's motion for partial summary judgment is whether the Wisconsin Fair Dealership Act applies to a non-Wisconsin dealer of a Wisconsin corporation. Summary judgment is allowed under F.R.C.P. 56, adopted by Bankruptcy Rule of Procedure 756, when there is not an issue as to any material fact. *U. S. v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). To determine if there is an issue as to any material fact, the court must determine what facts are needed to answer the question of law at bar, and whether those undisputed facts are before the court.

This is a conflict of laws question of whether to apply the Wisconsin Fair Dealership Law to a non-Wisconsin dealer. A Federal court must apply the same conflict of law rule that would be applied by the state court of the state in which it sits. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477, 1480 (1941). The Wisconsin Supreme Court adopted the grouping-of-contacts approach in *Urhammer v. Olson*, 39 Wis.2d 447, 450, 159 N.W.2d 688 (1968). The court stated:

> In several recent cases decided by this court involving conflicts of law in the contract area, it was unnecessary to make a choice between the grouping-of-contacts approach to the determination of conflicts questions and the traditional rules dependent upon the place of making, performance, and presumed intention of the parties. In *Knippel* and *Peterson* we recognized there was much to be said for this new approach, although it was unnecessary to make the change in those cases.
>
> We now adopt the grouping-of-contacts approach for the resolution of conflicts questions pertaining to the validity and rights created by the provisions of a disputed contract. *Urhammer* at page 450, 159 N.W.2d 688.

In explanation of the grouping-of-contacts approach the court quoted Restatement (Second) of Conflict of Laws § 188, Proposed Official Draft, and directed how it was to be used.

> Sec. 188 of the Second Restatement of Conflicts is the embodiment of this approach. That section provides:
>
> "188. *Law Governing in Absence of Effective Choice by the Parties.*

(1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, as to that issue, has the most significant relationship to the transaction and the parties under the principles stated in sec. 6.

(2) In the absence of an effective choice of law by the parties (see sec. 187), the contacts to be taken into account in applying the principles of sec. 6 to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

(3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in secs. 189–199 and 203."

This section, in the absence (as here) of an agreement between the parties of their choice of law, permits a functional conflicts analysis under which the method is not to count contacts but rather to consider which contacts are the most significant and to determine where those contacts are found. It must be recognized that a contact can be considered to be significant only in terms of its relevance to a specific domestic law and the policy underlying that law. *Haines v. Mid-Century Ins. Co.*, 47 Wis.2d 442, 447, 177 N.W.2d 328 (1970).

Section 6 of the Restatement (Second) of Conflict of Laws referred to by the Wisconsin court states:

§ 6. *Choice-of-Law Principles*

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

The grouping-of-contacts method is only used when the parties have not made an effective choice of law provision. The pleadings and affidavits do not state sufficient facts to find that an effective choice of law provision has been made. Presuming, therefore, that no effective choice has been made, the grouping-of-contacts approach is applicable. The first step is to determine the location of the contacts relevant under § 188 of the Restatement. The first contact, the place of contracting, is "the place where occurred the last act necessary under the forum's rules of offer and acceptance to give the contract binding effect." Restatement (Second) of Conflict of Laws, comments to § 188 (1971). The record is inadequate to determine where the dealership agreement was negotiated or completed. The pleadings are silent on this matter. Plaintiff's affidavit states that "he has found no written agreement between plaintiff and defendant" but does not state how or where an agreement was made. The affidavit states that telephone orders were received from defendant, but does not state that the dealership agreement was made over the telephone. The plaintiff's brief argues that the agreement was reached over the telephone, but arguments by plaintiff's attorney as to necessary facts may not be considered on summary judg-

ment. *Garcia v. United States*, 108 F.Supp. 608 (1952), and *Goldman v. Summerfield*, 214 F.2d 858 (D.C.1954).

■ The defendant's attorney's affidavit states "that, upon information and belief, said dealership agreement was entered into after a series of telephone conversations between the defendant and various officers and agents of the plaintiff, and that boundaries of the dealership area were outlined on a map by the defendant and mailed to the plaintiff, and that acceptance of said map by plaintiff constituted agreement to the boundaries." This statement of facts is different from that argued in plaintiff's brief. However, because Rule 56(e) states that "supporting and opposing affidavits shall be made on personal knowledge" and defendant's affidavit is on information and belief rather than personal knowledge, its contents may not be considered on summary judgment. *U. S. Fidelity & Guaranty Co. v. Moore*, 306 F.Supp. 1088 (N.D.Miss. 1969). If the facts in plaintiff's brief and the facts in defendant's affidavit could be considered, they would show dispute as to the facts surrounding the making of the dealership contract.

■ There are not sufficient facts properly before the court to determine whether material facts are in dispute and if they are not in dispute, to rule on the question of law presented. It is the plaintiff's burden to demonstrate an absence of a genuine dispute as to any material factual issue. *U. S. v. Bosurgi*, 530 F.2d 1105, 1110 (1976). This burden has not been met. The motion for partial summary judgment must be denied.