In the Matter of Richard L.
KOCHELL, Debtor.

FOUNTAIN TRUST COMPANY,
Plaintiff,

v.

Richard L. KOCHELL, Defendant.

Bankruptcy No. MM7–82–00569.
Adversary No. 82–0165.

United States Bankruptcy Court,
E.D. Wisconsin.

Jan. 24, 1984.

Denis P. Bartell, Ross & Stevens, S.C., Madison, Wis., for plaintiff.

David C. Moore, Brennan, Steil, Ryan, Basting & MacDougall, S.C., Janesville, Wis., for defendant.

C.N. CLEVERT, Bankruptcy Judge.

This dischargeability case is before the court to reconsider whether the prevailing plaintiff, Fountain Trust Company (Fountain) is entitled to attorney fees of $10,-355.00 for services in connection with the collection of its defaulted promissory note.[1] The court is also asked to award $618.95 statutory costs and $1,256.58 discretionary costs. The debtor, Dr. Richard Kochell (Kochell), opposes the requests for attorney fees and discretionary costs on several grounds. First, he argues that the promissory note that he gave to Fountain did not specifically authorize payment of attorneys fees for collection. He next argues that 28

---

1. This court issued findings of fact and conclusions of law on May 16, 1983, which determined that Kochell induced Fountain to renew a loan in the sum of $35,000 by using a materially false financial statement and that the debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

U.S.C. § 1920 does not authorize payment of costs for postage, telephone calls, mileage and expert witness fees.

The note in question provides, in pertinent part, as follows:

180 days after date for value received, we, or either of us promise to pay to the order of The Fountain Trust Company, Covington, Indiana, at The Fountain Trust Company, Covington, Indiana. Thirty Five Thousand and no/100 dollars. With interest at the rate of 15 per cent per annum from date until paid, and attorney's fees. [sic]

According to Kochell, the meaning of the provision in the note for attorneys fees is doubtful and, therefore, must be construed against Fountain, its drafter.

## CONFLICT OF LAWS

In order to determine the correctness of Kochell's position, the court must determine which law applies. Applicable Wisconsin conflict of laws principles governing contract matters indicate that the so-called grouping of contacts approach should be used to determine whether Wisconsin law or Indiana law applies in this case. *Urhammer v. Olson*, 39 Wis.2d 447, 159 N.W.2d 688 (1968). Under this approach the court must examine "significant contacts, both quantitatively and qualitatively," and then apply the law of the state which had the greatest contact with the contract. *Id.* at 450, 159 N.W.2d 688.

In this case, it is clear that Indiana had the most significant contact with the note in question. The note was initially prepared in Indiana, the payee did business in Indiana, the executed note was delivered in Indiana, the loan was approved and given in Indiana, and loan payments were due in Indiana. Although Kochell resides in Wisconsin, apparently signed the note in Wisconsin and used the loan proceeds in Wisconsin, these Wisconsin contacts were minor when compared with Indiana contacts. Consequently, the court is compelled to find that Indiana law is controlling in this case. This finding is further supported by the absence of any evidence to suggest that the parties intended that their rights and obligations under the note be governed by Wisconsin law.

Turning to Indiana law, the court finds that the Indiana Appellate Court has ruled:

Agreements to pay attorneys' fees in promissory notes, not dependent upon any express condition, are valid and enforceable. *Churchman v. Martin*, 54 Ind. 380. Such agreements, however, are in the nature of indemnity contracts, and the promisee can only recover thereunder such sums as he has actually and necessarily expended or become liable for on account of the default of the promisor. *Monroe v. Staser*, 6 Ind.App. 364, 32 N.E. 563 (1892).

The Indiana Appellate Court further explained that:

It is only where the holder of a note necessarily incurs a liability for attorneys' fees in its collection that the maker becomes liable therefor under the indemnity stipulation, and such necessity can never arise except by the maker's failure to pay at maturity. If he performs his agreement, no liability will be incurred.... 32 N.E. at 564.

This court is of the opinion that *Monroe v. Staser* is applicable to the case at bar and that Kochell stipulated to indemnify Fountain for attorneys fees necessarily incurred in the collection of its note. From this court's vantage point this is the only reasonable interpretation which can be given this note because there was no evidence that Fountain was represented by legal counsel at the time the note was prepared nor was there any suggestion that Fountain would engage the services of an attorney, except as necessary to collect the note after maturity.

## ATTORNEYS FEES

At a hearing held on June 29, 1983, the court found that Fountain's attorneys fees in the sum of $10,355.00 were reasonable and necessary for collection. In light of those findings and the preceding determina-

tions, the clerk will be ordered to amend the judgment in this case to provide Fountain with attorney fees in the sum of $10,355.00.

## COSTS

Bankruptcy Rule 7054(b) authorizes the allowance of costs by providing, in pertinent part, that:

> The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides.

■ 28 U.S.C. § 1920 goes further and specifies which items are taxable costs, as follows:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title.

Kochell argues that Section 1920 must be strictly construed and that any costs taxed must be within the expressed language of the statute. *U.S. v. Pommerening,* 500 F.2d 92 (10th Cir.1974), *cert. denied,* 419 U.S. 1088, 95 S.Ct. 678, 42 L.Ed.2d 680, *reh. denied,* 420 U.S. 939, 95 S.Ct. 1151, 43 L.Ed.2d 417. Accordingly, he urges the court to find that expert witness fees are not taxable, *Henkel v. Chicago, St. Paul, Minneapolis & Omaha Ry.,* 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932), and that travelling expenses, telephone calls and postage are not recoverable as well. *Wahl v. Carrier Manufacturing Company,* 511 F.2d 209 (7th Cir.1975).

This court agrees. The Supreme Court ruled in *Farmer v. Arabian American Oil Company,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964) that:

> the discretion given district judges to tax costs [under 54(d) Fed.R.Civ.P.] should be sparingly exercised with reference to expenses not specifically allowed by statute.

The discretion allowed to courts in such matters was further discussed in *State of Illinois v. Sangamo Construction Company,* 657 F.2d 855, 864 (7th Cir.1981) wherein the court said that nonstatutory, discretionary costs were only allowable "in limited exceptional situations."

This court is of the opinion that no exceptional circumstances are present in this case and that there are no reasons to award costs except in strict compliance with applicable law. Consequently, Fountain's recovery for expert witness fees is limited to $30.00 in accordance with 28 U.S.C. § 1821, whereas its request for costs to cover telephone calls, postage and travelling expenses must be denied. In view of these findings and observations,

IT IS HEREBY ORDERED that the judgment in this case be amended to provide for attorneys fees in the sum of $10,-355.00, and costs in the sum of $648.95.