Brian R. BELLAND, a minor, by his Guardian ad Litem, Richard E. Rosenberg, Plaintiffs-Respondents,†

v.

ALLSTATE INSURANCE COMPANY, Defendant-Appellant,

Keith C. ANDERSON, State Farm Automobile Insurance Company, John Belland and Elizabeth Ann Belland, Defendants.

Court of Appeals

*No. 86–1791. Submitted on briefs April 20, 1987.—Decided June 10, 1987.*

(Also reported in 410 N.W.2d 611.)

On behalf of the defendants-appellants the cause was submitted on the briefs of *John M. Swietlik* and *Joseph J. Ferris* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee.

On behalf of the plaintiffs-respondents the cause was submitted on the brief of *Richard E. Rosenberg* of *Nowlan & Mouat* of Janesville.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Allstate Insurance Company appeals a nonfinal order[1] denying its motion for summary judgment seeking dismissal of the complaint in an action arising out of a Wisconsin accident between automobiles driven by a Wisconsin resident and an Illinois resident. Allstate based its summary judgment motion on a family exclusion clause in an insurance policy issued to its insured, an Illinois resident. Because we conclude that summary judgment was appropriate, we reverse.

An accident occurred on July 3, 1984 between an automobile driven by Keith Anderson, a Wisconsin resident, and Robert Belland, an Illinois resident. Passengers in Robert's car included his son and

---

[1]This court granted Allstate's motion for leave to appeal a nonfinal order on November 3, 1986.

daughter-in-law, John and Elizabeth Ann, and his grandchildren, Charlotte and Brian.[2] All of these passengers were residents of Ohio. Subsequent to the commencement of this litigation, Charlotte's claims were settled. This appeal involves Brian's claims against his parents, John and Elizabeth Ann, and against Allstate which listed Robert as a named insured. Brian's direct claims against Robert were settled and Robert was released from this litigation through a *Pirringer*-type release.

Allstate brought a motion for summary judgment seeking to have Brian's claim against it dismissed because of a family exclusion clause in the insurance policy issued to Robert. Allstate argued that regardless of whether John and Elizabeth Ann can qualify as "insureds" under the insurance contract, it is not liable under the following family exclusion clause:

> This coverage does not apply to liability for:
>
> . . . .
>
> (6) Bodily injury to any person related to a person insured by blood, marriage, or adoption and residing in that person's household.

Applicable Illinois law at the time this policy was issued recognized family exclusion clauses as valid.[3] Allstate asserts on appeal that such Illinois law rather than Wisconsin law is applicable to the construction and implementation of the insurance contract at issue in this case. The trial court disagreed and applying sec. 632.32(6)(b)1, Stats., declared the family exclusion

---

[2]Robert Belland's wife, Ruth, an Illinois resident, was also a passenger in the automobile and was killed in the accident.

[3]Current Illinois law does not recognize such exclusions.

clause void.[4] We reverse, concluding that Illinois law properly governs this question of insurance contract interpretation and implementation.

Section 802.08(2), Stats., provides summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. When reviewing a summary judgment, we follow the same methodology as the trial court. *Kremers-Urban Co. v. American Employers Ins. Co.,* 119 Wis. 2d 722, 733, 351 N.W.2d 156, 162 (1984). That methodology is stated in many cases, such as *In re Cherokee Park Plat,* 113 Wis. 2d 112, 116, 334 N.W.2d 580, 582–83 (Ct. App. 1983). We need not repeat it.

Here, the only disputed issue relates to the viability of the family exclusion clause under the law of the appropriate jurisdiction. We treat this issue as raising a question of law. Summary judgment is appropriate when an issue of law concludes the case. *Mullen v. Coolong,* 132 Wis. 2d 440, 444, 393 N.W.2d 110, 112 (Ct. App. 1986). When reviewing a summary judgment determination, we will reverse where the trial court has incorrectly decided a legal issue. *Germanotta v. National Indem. Co.,* 119 Wis. 2d 293, 297, 349 N.W.2d 733, 735 (Ct. App. 1984). Because we conclude that Illinois law is applicable to the interpretation of this provision, Brian's claim against Allstate is appropriate for summary judgment disposition.

[4]Section 632.32(6), Stats., provides in part:

(b)   No policy may exclude from the coverage afforded or benefits provided:

1.   Persons related by blood or marriage to the insured.

Wisconsin law clearly governs the tort aspects of this controversy which may include a contribution claim. *See Urhammer v. Olson,* 39 Wis. 2d 447, 449, 159 N.W.2d 688, 689 (1968). However, the issue here is which state's law shall apply in implementing the exclusion provisions of this insurance contract. In this respect, we find Wisconsin supreme court decisions which, although in agreement with each other as to the ultimate question, have nonetheless adopted methodologies which are arguably inconsistent.

■ The viability of an Illinois family exclusion clause is an issue which has previously been raised in Wisconsin courts. An insurance clause which is valid in the state of Illinois will be enforced by the Wisconsin courts. *Zelinger v. State Sand & Gravel Co.,* 38 Wis. 2d 98, 108, 156 N.W.2d 466, 470–71 (1968). In *Knight v. Heritage Mut. Ins. Co.,* 71 Wis. 2d 821, 825, 239 N.W.2d 348, 351 (1976), under facts similar to those here, the supreme court held that no issue of a conflict of laws existed between Illinois and Wisconsin since the policy was issued in Illinois and Wisconsin law only applies to policies issued in this state. This methodology was in keeping with the first step conventionally applied in a conflict of laws case, to wit, determining whether a genuine conflict exists. *Gavers v. Federal Life Ins. Co.,* 118 Wis. 2d 113, 115, 345 N.W.2d 900, 901 (Ct. App. 1984). Likewise, we conclude that we are not faced in this case with any genuine issue of a conflict of laws because the policy in this case was issued in Illinois to an Illinois resident, Robert Belland, insuring a motor vehicle maintained and garaged in Illinois. Consequently, we enforce the family exclusion clause under the Illinois law in effect on the policy issuance and accident dates. *See Economy Fire and*

*Casualty Co. v. Green,* 487 N.E.2d 100, 102 (Ill. App. Ct. 1985).

While we conclude that *Knight* governs this case, we must also acknowledge that in *Urhammer,* 39 Wis. 2d at 450, 159 N.W.2d at 689, the supreme court, while recognizing that the same issue raised in this case did not create a "true conflicts case," nonetheless proceeded to conduct a conflicts analysis. *See also Knight,* 71 Wis. 2d at 825, 239 N.W.2d at 351. Seizing upon this methodology, Brian maintains that because John and Elizabeth Ann are the insureds seeking coverage in this case, the fact that the policy was issued in Illinois to Robert does not control. Rather, Brian argues that Wisconsin, or perhaps even Ohio, law should govern the question of whether the exclusionary clause should be given effect. Although we conclude that the *Knight* approach is the sounder method, we nonetheless now proceed to conduct a conflict of laws analysis since the supreme court has utilized both approaches.

A conflict exists between the law of two or more jurisdictions when the competing public interest cannot be harmonized on a rational basis. *Zelinger v. State Sand & Gravel Co.,* 38 Wis. 2d 98, 107, 156 N.W.2d 466, 470. Contract rights are to be determined by the local law of the state with which the contract has its most significant relationship. *Handal v. American Farmers Mut. Casualty Co.,* 79 Wis. 2d 67, 73, 255 N.W.2d 903, 906 (1977). The factors measuring this relationship are: (1) place of contracting; (2) place of performance; (3) place of the subject matter of the contract; (4) domicile, nationality, place of incorporation and place of business of the parties; (5) law under which the contract will be most effective; and (6) other contracts presented in the given case. *Peterson v.*

*Warren,* 31 Wis. 2d 547, 558, 143 N.W.2d 560, 564 (1966) (overruled in part on other grounds by *Allen v. Ross,* 38 Wis. 2d 209, 215, 156 N.W.2d 434, 438 (1968)). A mere counting of the contacts is not determinative of the law to be applied. *Wilcox v. Wilcox,* 26 Wis. 2d 617, 633, 133 N.W.2d 408, 416 (1965). Rather, a qualitative analysis of the contacts should be made in light of the policies of the competing jurisdictions. *Id.* at 633–34, 133 N.W.2d at 416.

■

We conclude that the significant contacts, both quantitatively and qualitatively, are with Illinois. Although Robert, an Illinois resident, is no longer a party to this action, Brian is seeking to enforce the insurance coverage of Robert's policy which has its substantial ties only with Illinois. The negotiations over the contract were undertaken in Illinois; the policy was entered into in Illinois; the policy was issued and delivered in Illinois; premiums were paid in Illinois; and the vehicle insured was licensed and garaged in Illinois. Although Wisconsin was the place of the accident and a Wisconsin driver was involved, we do not deem these factors, though relevant to the tort aspects of this case, as controlling the contract conflicts question presented. *See Urhammer,* 39 Wis. 2d at 451, 159 N.W.2d at 690. Likewise, the fact that the remaining parties in this action are residents of Ohio does not supersede Illinois' qualitative and quantitative contacts with this insurance contract and the parties to it.[5]

---

[5]Because we conclude that the family exclusion clause is enforceable, we do not reach the other issues raised by Allstate on appeal.

Because we conclude that the family exclusion clause is enforceable, we reverse and remand with directions that the trial court grant Allstate's summary judgment motion and enter judgment accordingly.

*By the Court.*—Order reversed and cause remanded with directions.