In re Loretta D. GREEN, Debtor.

No. 2:09–bk–73048.

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

Feb. 19, 2010.

Joseph W. Cornell, Wayne Young Law Firm, P.A., Fayetteville, AR, for Debtor.

R. Ray Fulmer II, Fort Smith, AR, Chapter 7 Trustee.

## ORDER

BEN T. BARRY, Bankruptcy Judge.

On August 24, 2009, the chapter 7 trustee filed an objection to the debtor's claimed exemptions and a motion for turnover of payments on account of past due child support in the above-captioned case. According to the trustee, the debtor is not entitled to exempt certain child support payments under 11 U.S.C. § 522(d)(10)(D), and, therefore, the payments should be remitted to the trustee as property of the debtor's bankruptcy estate. The Court held a hearing on the trustee's objection and motion on November 4, 2009. At the conclusion of the hearing, the Court took the matter under advisement and allowed the parties until January 5, 2010, to file briefs. For the reasons stated below, the Court overrules the trustee's objection to exemptions and denies his motion for turnover.

### Jurisdiction

This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (E). The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding under Federal Rule of Bankruptcy Procedure 9014.

### Stipulations

At the September hearing, the parties stipulated to the following facts:

1. The debtor did disclose at all times, from the time she filed her bankruptcy petition that she held a judgment.

2. At the § 341(a) meeting of creditors, the debtor disclosed that the judgment was from past child support and that the child for whom support was made is not a dependent of the debtor and was not a dependent at the time the debtor's petition was filed.

3. The issue before the Court is the claim of an exemption under § 522(d)(10)(D).

Neither party offered the judgment into evidence. The debtor's counsel informed the Court that the amount owed to the debtor at the time of filing was $15,000.00, and that installment payments were being paid to the debtor by her ex-spouse through a clearinghouse.

The Court took judicial notice of the debtor's bankruptcy petition and schedules. The debtor filed her bankruptcy petition and schedules on June 19, 2009; the debtor amended her statement of financial affairs and statement of intention on August 14, 2009. The debtor's Schedule B lists an interest in "[o]wed back child support" in the amount of $15,000.00 as "[a]limony, maintenance, support, and Property Settlements to which the debtor is or may be entitled." Schedule C lists an exemption in "[o]wed back child support" in the amount of $15,000.00 pursuant to § 522(d)(10)(D). Schedule I reflects that the debtor has no dependents, other than her non-filing spouse (see 11 U.S.C. § 522(a)(1)) and states that the debtor receives a $297.54 payment for "[a]limony, maintenance or support payments payable to the debtor for the debtor's use or that

of dependents listed above." The debtor's Form 22C reflects that $333.79 is the amount "paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose." In an attachment to her Form 22C, the debtor states that her source of income is child support from David Gray. The debtor's schedules also indicate that she owns land in and has other contacts with Michigan and possesses an equitable interest in a time share in Missouri. The parties introduced no other evidence, testimony, or stipulations.

**Findings of Fact and Conclusion of Law**

■ Section 522 of the bankruptcy code allows a debtor to exempt "[t]he debtor's right to receive ... alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." 11 U.S.C. § 522(d)(10)(D). At issue in this case is whether the debtor may exempt her right to payments pursuant to a judgment for past due child support, or whether she must turn the payments over to the trustee as property of her bankruptcy estate. The trustee, as the objecting party, has the burden of proving that the debtor's exemption is improper. Fed. R. Bankr.P. 4003(c). The trustee, as the moving party, also bears the burden on the issue of turnover. *First Nat'l Bank of Clinton v. Julian*, 383 F.2d 329, 333 (8th Cir.1967).

■ A threshold issue prior to the determination of whether the right to receive past due child support is exempt or subject to turnover to the trustee is whether that right to receive is property of the debtor's bankruptcy estate under § 541. Property of the estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). While federal law creates the bankruptcy estate, state law, gen-

erally, determines whether the debtor has an interest in property. *In re N.S. Garrott & Sons*, 772 F.2d 462, 466 (8th Cir. 1985).

■ State courts differ whether the payment of child support arrearages are property of the parent/debtor and, therefore, property of the debtor's bankruptcy estate, or property of the child. *In re Poffenbarger*, 281 B.R. 379, 390 (Bankr.S.D.Ala.2002)(citing cases). The courts' holdings are based on an analysis of the applicable state law and whether that state considers payment of child support arrearages to be a property right of the parent or of the child. *See id.* at 390–93 (examining other states' laws when issue was first impression in Alabama, which was the "applicable state"); *In re Davis*, 167 B.R. 104, 106 (Bankr.S.D.Ohio 1994) (examining Ohio law). In determining which state's law is applicable, courts examine several factors, including the state that issued the judgment or decree and where the parties reside. *See In re Perry*, 2009 WL 367079, *1–2 (Bankr.D.S.D.2009)(applying South Dakota law where the debtor had collected child support arrearage through the South Dakota Department of Social Services based on a child support order issued by a South Dakota court); *In re McKain*, 325 B.R. 842, 846 (2005) (examining which state issued the award or judgment, where the judgment was registered for enforcement, and where the custodial and non-custodial parent and child resided); *Poffenbarger*, 281 B.R. at 386 n. 5 (analyzing Alabama law to determine the nature of child support and noting that no party objected to application of Alabama law); *In re Welch*, 31 B.R. 537, 538 (Bankr.D.Kan.1983) (stating that the court was "bound to follow Kansas law in construing a Kansas divorce decree" and rejecting the argument to apply Ohio law, where the debtor's ex-spouse

secured default judgment against the debtor in an Ohio bankruptcy court for child support arrearages based on a Kansas court decree).

In this case, the judgment that created the right to child support arrearage payments is not in evidence, nor is the order or decree that presumably awarded child support in the first instance. While the parties discussed Arkansas law in their briefs, the parties failed to state in their pleadings, stipulations, briefs, or at trial whether the judgment the parties referenced is an Arkansas judgment, registered in Arkansas, or based on an Arkansas child support order. Further, while the debtor presumably meets the domiciliary requirements to file bankruptcy in this district, the Court does not know the location of the non-custodial parent or the child for whom the support was awarded.

The Court will not presume that Arkansas law is the "applicable state law" simply because the debtor has filed her bankruptcy petition in Arkansas and the parties discussed Arkansas law in their briefs. There are not enough facts before the Court to complete a fact-intensive choice of law analysis, and the Court should not invoke choice of law principles to compensate for the parties' insufficient record. *See Harper v. LG Elecs. USA, Inc.,* 595 F.Supp.2d 486, 490 (D.N.J.2009) (stating that the court was unable to make a fact-intensive choice-of-law determination on the record before it). Further, based on the evidence before the Court, the application of Arkansas law would be arbitrary, and possibly incorrect, particularly in the light of the debtor's ties to Michigan. If the Court were to presume that Arkansas law applied, the reason for the Court's opinion would be undermined if the property right at issue should have been determined by another state's law that is contrary to Arkansas law.

Without being able to determine with certainty which state law applies, it is impossible for this Court to determine whether the payments are part of the debtor's bankruptcy estate, and, therefore, whether they are subject to exemption or turnover. Because the trustee had the burden of proving that the debtor's claimed exemption was improper and must be turned over to him as property of the debtor's bankruptcy estate, the lack of evidence before the Court inures to the benefit of the debtor. *See In re Sawyer,* 324 B.R. 115, 118 (Bankr.D.Ariz.2005) (stating that because the trustee had the burden of proof on her motion for turnover, "[t]o the extent that the record is incomplete or does not address certain evidentiary issues, the Court must hold the Trustee responsible"); *Energy Research and Dev. Corp. v. Athey (In re Energy Research and Dev. Corp.),* 7 B.R. 933, 936 (Bankr. Wis.1981) (dismissing the plaintiff's motion for partial summary judgment where the plaintiff bore the burden but provided an insufficient basis upon which the Court could apply conflict of law principles). Accordingly, the trustee's objection to exemptions is overruled and the motion for turnover is denied.

IT IS SO ORDERED.